## WHITE v. GRIGGS ET AL.

1. **Receiver:** MORTGAGE: CROPS. A mortgagee has a right to the appointment of a receiver only for the property upon which his mortgage is a lien, and then only when there is danger of its being lost or materially injured or impaired in value. He is not entitled to a receiver to take charge of the crops upon the mortgaged premises.

*Appeal from Hardin Circuit Court.*

FRIDAY, OCTOBER 22.

ACTION to foreclose a mortgage upon a farm, executed to the plaintiff by the defendant Edward Griggs, and for the appointment of a receiver to take charge of the mortgaged property, and apply the rents and profits in satisfaction of the debt. The ground for the application for a receiver as set up in the petition is that the mortgagor is insolvent; that

the property mortgaged is insufficient security, and that the mortgagor has fraudulently disposed of his property with intent to prevent the collection of the debt. Eggert & Thoren intervene, claiming to have a chattel mortgage upon the crops. The court rendered judgment for the amount due, and a decree of foreclosure, and appointed a receiver to take possession of the premises and crops thereon. To the order appointing a receiver the defendant Griggs and the intervenors excepted, and now appeal.

*Scales & Ivey*, for appellants.

*M. W. Anderson*, for appellee.

ADAMS, CH. J.—The mortgagor had a right to the possession of the premises until the expiration of a year from the

1. RECEIVER: time of sale upon foreclosure. During that time
mortgage:
crops.     he had a right to the crops grown upon the premises.. The mortgagee had no more interest in them than he had in crops grown upon land not mortgaged to him.

The fact that a debtor has fraudulently disposed of property upon which the creditor had no lien does not give the creditor a right to a receiver to take possession of other property upon which he has no lien. He can have a receiver only of property upon which he has a lien, and then only when there is danger of its being lost or materially injured or impaired. Code, § 2903; *Myton v. Davenport*, 51 Iowa, 583. We think the plaintiff's petition showed no sufficient ground for the appointment of a receiver, and his application should have been denied.

REVERSED.