(February 25, 1924.)

NELLIE PAYNE JOHNSON, Plaintiff, v. H. F. ENSIGN, Judge of the District Court of the Fourth Judicial District, Defendant.

[224 Pac. 73.]

WRIT OF REVIEW—ISSUANCE—EFFECT OF—PETITION FOR WRIT—ALLE-GATIONS—RECORD—ORDER TO SHOW CAUSE—HEARING ON RETURN—GROUNDS OF RESISTANCE TO ISSUANCE OF WRIT.

1. The issuance of a writ of review merely requires the furnishing to this court of the record in the lower court.

2. The validity of the order complained of in the petition for the issuance of the writ of review is not determined on the allegations contained in the petition for the writ, but on the record of the lower court furnished in response to the issuance of the writ.

3. Upon the hearing on the return to an order to show cause why a writ of review should not issue, the allegations of the petition are taken to be true.

4. The issuance of a writ of review may be resisted upon the ground that the allegations of the petition are insufficient, or that the court about to issue the writ lacks jurisdiction, or that the question sought to be determined could be heard on appeal, or that there is a plain, speedy and adequate remedy.

Application for writ of review. *Writ granted.*

Richards & Haga and Hawley & Hawley, for Plaintiff.

The petition requires no answer; it has served its purpose when the writ is issued, and its allegations are not taken as tendering an issue of fact. The petition is inspected and taken to be true for the purpose of issuing the writ. Counter-affidavits, or even records of the inferior tribunal, are not considered. (*Morefield v. Koehn,* 153 Colo. 367, 127 Pac. 234; *State Board of Medical Examiners v. Brown,* 70 Colo. 116, 198 Pac. 274.)

C. S., sec. 7249, takes away the right of appeal in contempt cases, and writ of review is the proper procedure for purposes of review. (*Tymer v. Connelly,* 65 Cal. 30,

Opinion of the Court—Wm. E. Lee, J.

2 Pac. 414; *Gale v. Tuolumne etc. Co.,* 169 Cal. 46, 145 Pac. 532; *Abbott v. Abbott,* 24 Cal. App. 475, 141 Pac. 939; *Herald etc. Co. v. Lewis,* 42 Utah, 188, 129· Pac. 625, 633; *McClatchy v. Superior Court,* 119 Cal. 413, 51 Pac. 696, 39 L. R. A. 691; *Rymert v. Smith,* 5 Cal. App. 380, 90 Pac. 470.)

Johnson & Nixon, for Defendant.

The writ of review does not lie to review facts, except in so far as the facts are essential to determine the jurisdictional question. (*First Nat. Bank of Weiser v. Washington Co.,* 17 Ida. 306, 105 Pac. 1053; *Lansdon v. State Board of Canvassers,* 18 Ida. 596, 111 Pac. 133; *Utah Assn. of Credit Men v. Budge,* 16 Ida. 751; *Neil v. Public Utilities Commission,* 32 Ida. 44, 178 Pac. 271.)

WM. E. LEE, J.—Plaintiff filed herein her petition alleging, among other things, that heretofore the defendant directed her to pay over certain moneys to the receiver in the case of *Bedal v. Johnson,* 37 Ida. 359, 218 Pac. 641, that defendant ordered that she be imprisoned until such payment be made, and that defendant exceeded his jurisdiction in making and entering the order, and praying this court to issue a writ of review and determine the question presented in the petition.

Upon the filing of the petition, this court issued an order requiring defendant to show cause why a writ of review should not be issued. In response to the order to show cause, defendant filed herein his answer to the petition, in which the material allegations contained in the petition were denied and certain affirmative matter was pleaded. Plaintiff thereupon made and filed a motion to strike the answer of the defendant for the reason that it attempts to raise issues of fact, and that it does not purport to set up the entire record in the cause.

C. S., sec. 7244, provides that this court may issue the writ outright, or may require notice of the application to be given to the adverse party, or may grant an order to

show cause why the writ should not be allowed. The plaintiff contends that defendant has suggested no valid reason why the writ should not issue, and that the denials and allegations of fact set forth in the answer of defendant are not material to the consideration of the question of whether the writ should issue.

The position of plaintiff is well taken. The motion to strike the answer is granted, and the writ will issue. Rule 61 of this court provides that writs of *habeas corpus* and peremptory writs of mandate and prohibition will be issued only on order of the court, but that writs of review and alternative writs of mandate and prohibition may be issued by the court or a justice thereof. The issuance of a writ of review merely requires the furnishing to this court of the record in the lower court; and the validity of the order complained of in the petition for the writ is determined not on the allegations contained in the petition for the writ, but on the record furnished in response to the writ. In other words, while the granting of a writ of *habeas corpus* or the issuance of a peremptory writ of mandate or prohibition constitutes the relief sought by the petition therefor, the issuance of a writ of review merely puts in operation the machinery of the court for the examination of the order sought to be reviewed. The reason why a writ of review may be issued by a justice of this court, while a writ of *habeas corpus* and peremptory writs of mandate and prohibition may be issued only upon the order of the court (Rule 61), is, therefore, apparent.

In order to give the defendant an opportunity to suggest any reason why the writ should not issue, upon the filing of the petition we directed that an order to show cause issue; and upon a hearing thereon, among other questions that might be raised, it would ordinarily be proper for the defendant to suggest the insufficiency of the petition, or the lack of jurisdiction of the court about to issue the writ, or that the question sought to be determined in the proceeding could be heard on appeal, or that there is a plain, speedy and adequate remedy. Upon the hearing on the

return to the order to show cause why the writ should not issue, the allegations of the petition are taken to be true, and the question for the court to determine is whether the plaintiff, upon his petition, is entitled to have the writ issue. (*State Board of Medical Examiners v. Brown,* 70 Colo. 116, 198 Pac. 274; *Morefield v. Koehn,* 53 Colo. 367, 127 Pac. 234.)

It should not be understood, however, that a plaintiff is entitled to the issuance of the writ in all cases upon the filing of a petition containing the required allegations of fact. *Certiorari* or review is in no sense a writ of right, but, like other extraordinary legal remedies, its issuance is addressed to the sound discretion of the court.

The defendant has not pointed out any insufficiency in the petition, the existence of which would justify a refusal to issue the writ, and no valid reason has been suggested why the writ should not issue. The writ will issue.

McCarthy, C. J., and Dunn, J., concur.