(April 5, 1924.)

ANDREW M. REED, Respondent, v. ELZ HARTSOCK and CORNELIA HARTSOCK, and CHARLES PARADIS, Public Administrator of the Estate of VAN WALTERS, Deceased; A. D. SNIDER and CHARLES SNIDER, Defendants, and GEORGE W. WATERS, Administrator of the Estate of VAN WALTERS, Deceased, Appellant.

[225 Pac. 139.]

MORTGAGE—FORECLOSURE—RECEIVER—RIGHTS OF SECOND LIENHOLDER.

1. C. S., sec. 6819, does not prevent the appointment of a person as a receiver in a foreclosure proceeding to which he has been inadvertently made a party where no relief is asked against him and where upon his appointment he is dismissed as a party to the action.

2. Where a second mortgage contains conditions that the mortgagor shall pay all taxes, assessments, liens or other encumbrances then subsisting or thereafter imposed upon the premises which may be a prior charge thereon and also covenants that in case default be made in the payment of any part thereof the mortgagee may consider the mortgage indebtedness immediately due and payable, such stipulation authorizes the holder of the mortgage to pay any such liens to protect his security, and default in the payment of any prior lien or charge thereon by the mortgagor accelerates the maturity of the entire mortgage indebtedness at the option of the holder of the mortgage.

3. Where the holder of a second mortgage pays accrued interest on a prior mortgage which covers and includes the rents, issues and profits of the premises and also pays taxes in order to protect his mortgage lien, the rents, issues and profits may be

applied in discharge of the payment of accrued interest on the first mortgage, and taxes paid by the holder of the second mortgage to prevent the foreclosure of the prior lien, where the second mortgage contains the stipulation above recited.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. B. S. Varian, Judge.

Action to foreclose a mortgage. Judgment for plaintiff. George W. Waters, administrator, appeals. *Affirmed.*

Harris, Stinson & Harris and Ed. R. Coulter, for Appellant.

No party to a suit can be appointed receiver therein without the written consent of the parties filed with the clerk. (C. S., sec. 6819.)

A failure upon the part of a mortgagor or his successor in interest to pay a prior encumbrance or taxes on the mortgaged premises is not a breach of the conditions of the mortgage in a case brought to foreclose a second or junior mortgage, in which second or junior mortgage it is provided that all taxes, assessments, encumbrances or insurances paid by the mortgagee in such mortgage sought to be foreclosed shall be secured by the mortgage and a lien upon the premises described therein. (*Eureka Min. S. & P. Co. v. Lewiston Nav. Co.,* 12 Ida. 472, 86 Pac. 49.)

A mortgage on real property does not cover the rents, issues and profits of the land unless the mortgage specifically so provides. (*Simpson v. Ferguson,* 112 Cal. 180, 53 Am. St. 201, 40 Pac. 104, 44 Pac. 484; *Locke v. Klunker,* 123 Cal. 231, 55 Pac. 993; *West v. Conant,* 100 Cal. 231, 34 Pac. 705; *Modesto Bank v. Owens,* 121 Cal. 223, 53 Pac. 552.)

A supplemental complaint properly contains only such matters material to the case which occur after the former complaint. (C. S., sec. 6719.)

Lot L. Feltham, for Respondent.

The court did not err in overruling appellants' demurrer to the amended complaint. The amended complaint stated a

cause of action. (C. S., sec. 6707; *Cantwell v. McPherson,* 3 Ida. 721, 29 Pac. 102; *Stuart v. Noble Ditch Co.,* 9 Ida. 765, 76 Pac. 255; *McCormick v. Smith,* 23 Ida. 487, 130 Pac. 999.)

Where a payment is made by one person who has an interest in protecting property against the enforcement of a claim or who has junior rights to guard, he will be subrogated by equity to the rights of the person whose claim has been paid. (*Porter v. Title Guaranty & Surety Co.,* 17 Ida. 364, 106 Pac. 299, 27 L. R. A., N. S., 111; 37 Cyc. 363–367, 370–382, 443, 458 and notes.)

Under the facts proven in this case, the court was authorized to appoint a receiver to take charge of the rents and profits of the farm, to pay the taxes which were delinquent, and the overdue semi-annual interest payments on the Federal Land Bank loan. (C. S., sec. 6817; *Montgomery v. Merrill,* 65 Cal. 432, 4 Pac. 414; *Scott v. Hotchkiss,* 115 Cal. 94, 47 Pac. 45; *Dalliba v. Winschell,* 11 Ida. 364, 114 Am. St. 267, 82 Pac. 107; *Riley v. Callahan Min. Co.,* 28 Ida. 525, 155 Pac. 665; *Hewitt v. Great Western Sugar Beet Co.,* 20 Ida. 235, 118 Pac. 296; *Commercial Trust Co. v. Idaho Brick Co.,* 25 Ida. 755, 139 Pac. 1004.)

WILLIAM A. LEE, J.—This is an action to foreclose a real estate mortgage executed by Elz Hartsock and wife to respondent, these mortgagors having conveyed the premises to Van Walters, who prior to the commencement of this action died. The action was against the original mortgagors and George W. Waters as administrator of the estate of Van Walters, deceased. Respondent expressly waived all recourse against any other property of the deceased's estate for the payment of the mortgage indebtedness.

The complaint alleges that the Federal Land Bank of Spokane held a prior mortgage against the premises for $8,700, that the total mortgage indebtedness including accrued interest and taxes exceeded $24,000 and that the value of the mortgaged property was not over $18,000. Respondent asked that a receiver be appointed to take charge

of the rents, issues and profits of said lands and apply the same to the discharge of the mortgage indebtedness, accrued interest and taxes in the order of the priority of the liens, and that said premises be sold to satisfy the amount due on appellant's claim, and accrued interest, taxes and costs, and for $500 attorney's fees, and such sums as he had been required to pay in order to prevent a foreclosure of the prior mortgage lien of the Federal Land Bank.

During the pendency of the action additional taxes and instalments of interest upon these mortgages became due and respondent by leave of court filed a supplemental pleading setting up his right to recover these additional sums which he had been required to pay in order to protect his mortgage lien.

The court found for respondent upon all of the material issues tendered by the complaint and answer thereto and directed that the mortgaged premises be sold and the proceeds thereof be applied to the amount found due respondent, upon his mortgage lien, and also the interest he had been required to pay upon the mortgage of the Federal Land Bank, in order to protect his second mortgage lien, and $500 attorney's fees.

From the decree directing the sale of the mortgaged premises and the application of the rents and profits arising therefrom during the foreclosure proceedings, in the manner hereinafter stated, the administrator of the estate of Van Walters, deceased, appeals and assigns as error, (1) the overruling of appellant's demurrer to the complaint; (2) the appointment of a receiver and refusal to vacate such order; (3) the refusal of the court to strike parts of the supplemental complaint and the refusal to sustain the demurrer to the same; (4) in applying the rents, issues and profits arising from said lands belonging to said estate in the manner directed to be done by the decree.

The first assignment argued by appellant is that a party to an action under C. S., sec. 6819, cannot be appointed a receiver therein, and that the court exceeded its jurisdiction in appointing as receiver A. D. Snider, who at the

time of his appointment was one of the tenants in possession of the premises, farming the 'same upon a lease for a share of the crop. No facts are alleged in the complaint tending to show that Snider was either a proper or necessary party to the foreclosure suit and no relief of any kind was asked against him. Prior to his appointment respondent asked leave to dismiss him from the action, which motion was granted. C. S., sec. 6819, prohibits the appointment of a party, attorney or person interested in an action from being appointed a receiver therein. This provision of the statute is not intended to prevent the appointment of a person who has by inadvertence been made a party to such action where it is clear that no relief whatever is asked against him, and where upon the application for his appointment the court dismisses him as a party to the action, if he be otherwise a suitable person. In the instant case the sole duty of the receiver was to complete the harvesting and marketing of the crops being grown upon the premises. It is apparent .that he was in a position to act as such receiver with the least expense to both of the interested parties. No other objection to his acting as such receiver appears except his having been improperly named as a party defendant in the complaint, from which action he was subsequently dismissed as a party.

Appellant contends that the failure of the mortgagor or his successor in interest to pay a prior encumbrance of accrued taxes on the mortgaged premises is not such a breach of the conditions of the second mortgage as would entitle the holder to pay the same and bring an action in foreclosure. Respondent's mortgage contains a condition that the mortgagor covenants, promises and agrees with the mortgagee to pay and discharge all taxes, assessments, liens or other encumbrances then subsisting or thereafter laid or imposed upon the premises, which may be in effect a prior charge thereon. This stipulation in the mortgage authorized respondent to pay these taxes and accrued interest in order to protect his own security, and the error predicated upon this ground is not tenable.

Objection is made that the supplemental complaint contains matter that might have been incorporated in the original complaint and therefore is not proper matter for a supplemental pleading. As the term implies, a supplemental pleading should be limited to matters and things that have arisen since the filing of the original pleading. While some of the facts alleged in the supplemental pleading might have been alleged in the original complaint, it is primarily based upon facts that arose after the complaint was filed and could not have been incorporated in such pleading. The other matter would have been properly allowed as an amendment, so that we are unable to find that any prejudice arises out of this action of the court, even though some of the matters contained in the supplemental complaint might properly have been incorporated in the original complaint.

It is also urged that this being an action in foreclosure against the administrator of a deceased person, where under the statute it was necessary to waive all recourse against any other property of the estate for the payment of the mortgaged indebtedness, and the growing crops upon these premises which were in process of being harvested being personal property, that the taking of possession of these crops by the receiver and the sale and the application of the proceeds of such sale to the mortgage indebtedness was error.

The court found as a fact, and held as a conclusion of law, that the Federal Land Bank of Spokane owns a prior mortgage upon the premises for $8,700, bearing interest at five and one-half per cent payable semi-annually, the entire sum payable in thirty-four and one-half years, that none of the semi-annual interest and principal payments had been paid by the mortgagors or by appellant, their successor in interest, but had been paid by respondent, in the sum of $862.70, and delinquent taxes to the amount of $632.14, all of which were prior liens to respondents' mortgage and which he had paid, or would be required to pay, in order to protect his second mortgage and prevent a foreclosure of the first mortgage; that the said first mortgage covers and includes not only the mortgaged lands but also the rents,

issues and profits of said lands; that by the payment of said semi-annual payments of interest and principal on said Federal Land Bank loan respondent is entitled to be subrogated to the claims of said first mortgagee in the rents, issues and profits of said lands to the extent of the amount respondent was required to pay in order to prevent a foreclosure of the Federal Land Bank loan and protect his mortgage lien against these prior liens. We think the proceeds derived from a sale of the crops grown on these lands were lawfully applied under the provision of the first mortgage making the rents, issues and profits liable for these payments to the extent that respondent actually paid the same to protect his mortgage lien against such prior liens.

It is shown that the deceased, Van Walters, during his lifetime had purchased from the Hartsocks their equity in these lands subject to this mortgage indebtedness, which exceeded the value of the lands at the time of the foreclosure; that Van Walters, during his lifetime, lived in Portland, Oregon, and had never been upon the premises and had been only in constructive possession, the Sniders having a crop lease upon these lands when Walters acquired his interest. Prior to his death he was bound under the terms of these mortgages to pay the instalments of interest when due upon both mortgages as well as the taxes and other assessments lawfully levied against these lands. He does not appear to have taken any steps to protect his interests against these accruing liens. After his death his widow was notified of these delinquent payments and his administrator, who was a resident of the county wherein the lands were located, had all this information but took no action to protect respondent's second lien against the overdue interest and taxes that would mature the prior mortgage of the Federal Land Bank. Under these conditions, and in view of the value of the premises with the growing crops being much less than the mortgage indebtedness, it would not be equitable to permit the estate of the deceased to take the rents and profits from these lands during the pendency of the foreclosure proceedings.

The record discloses no reversible error and the judgment of the court below is affirmed, with costs to respondent, such costs to be limited to the proceeds derived from the sale of the mortgaged premises.

McCarthy, C. J., and Wm. E. Lee, J., concur.