## CARLQUIST v. COLTHARP et al. (JENSEN et al., Interveners).

No. 4333.   Decided July 29, 1926.   (248 P. 481.)

1.  MORTAGES—MORTGAGOR HAS LEGAL TITLE AND RIGHT TO POSSES-
    SION UNTIL EXEMPTION PERIOD HAS EXPIRED. Mortgagor has legal
    title and is entitled to possession until expiration of time for re-
    demption, unless mortgage gives mortgagee right of possession,
    since mortgage gives only a lien.

2.  MORTGAGES. Court in foreclosure proceedings must enforce con-
    tract as made by the parties.

3.  MORTGAGES—THAT REAL ESTATE MORTGAGEE SECURED APPOINT-
    MENT OF RECEIVER GAVE HIM NO CLAIM TO GROWING CROPS HAR-
    VESTED PRIOR TO DECREE OF FORECLOSURE (COMP. LAWS 1917, §
    6764, SUBD. 4). That mortgagee secured appointment of receiver
    in foreclosure proceedings of real estate mortgage, not mortgag-
    ing rents or crops, gave him no claim to growing crops harvested
    prior to decree of foreclosure, notwithstanding Comp. Laws 1917,
    § 6764, subd. 4, authorizing appointment of receiver when prop-
    erty is insufficient to satisfy mortgage debt.

4.  MORTGAGES—CHATTEL MORTGAGEE HELD ENTITLED TO CROPS HAR-
    VESTED PRIOR TO FORECLOSURE OF REAL ESTATE MORTGAGE NOT-
    WITHSTANDING APPOINTMENT OF RECEIVER. Chattel mortgagee
    under mortgage executed subsequent to real estate mortgage and
    prior to action to foreclose latter *held* entitled to proceeds of crops
    harvested prior to decree of foreclosure of latter notwithstanding
    real estate mortgagee had secured appointment of receiver.

5.  APPEAL AND ERROR—NOTICE OF APPEAL HELD INEFFECTUAL BE-
    CAUSE NOT FROM FINAL JUDGMENT. Notice of appeal from an
    order, approving report of receiver of mortgaged property ap-
    pointed in foreclosure proceedings, was insufficient and ineffect-
    ual because not an appeal from a final judgment.

Corpus Juris-Cyc. References:

[1]   Mortgages 27 Cyc. p. 962 n. 10; p. 1234 n. 47.
[2]   Mortgages 27 Cyc. p. 1133 n. 48.
[3]   Mortgages 27 Cyc. p. 1630 n. 54.
[4]   Mortgages 27 Cyc. p. 1247 n. 72.
[5]   Appeal and Error 3 C. J. p. 579 n. 74.
[6]   Mortgages 27 Cyc. p. 1805 n. 72.
[7]   Mortgages 27 Cyc. p. 1793 n. 83.

6. MORTGAGES—MORTGAGOR'S GRANTEE PRIOR TO FORECLOSURE HELD ENTITLED TO REDEEM FROM FORECLOSURE SALE. Purchaser of mortgaged property subsequent to execution of mortgage and prior to action to foreclose *held* entitled to redeem from foreclosure sale.

7. MORTGAGES—ORDER HOLDING INTEREST OF MORTGAGOR'S GRANTEE OMITTED AS PARTY IN FORECLOSURE PROCEEDINGS INFERIOR TO THAT OF PURCHASER AT FORECLOSURE SALE HELD PROPER. Where mortgagor conveyed portion of mortgaged property and grantee was not made party to subsequent foreclosure proceedings, that court on petition of purchaser at foreclosure sale made order holding her interests inferior to that of mortgagee and purchaser *held* proper, since redemption period ran from date thereof.

Appeal from District Court, First District, Box Elder County; *M. C. Harris*, Judge.

Action to foreclose a mortgage by C. H. Carlquist, as receiver of the mortgagee, against Grover Coltharp and another, wherein National Bank of Brigham City and another intervened. Plaintiff secured the appointment of a receiver. From a judgment directing payment of proceeds of crops harvested by the receiver to the named intervener on chattel mortgage held by it, plaintiff appeals.

AFFIRMED.

*Irvine, Skeen & Thurman*, of Salt Lake City, for appellant.
*William J. Lowe*, of Salt Lake City, for respondents.
*Wm. E. Davis*, of Brigham City, for interveners.

GIDEON, C. J.

This is an action to foreclose a real estate mortgage. The complaint was filed with the clerk of the district court of Box Elder county on May 7, 1924. It is alleged that the mortgage sought to be foreclosed is a second mortgage, that the mortgagor had failed to make payment in accordance with the terms of the mortgage, that he had failed to pay the taxes, and that there were unpaid taxes standing as a lien against the property. It is further alleged that the

mortgagor, Grover Coltharp, had abandoned the property and had transferred his interest therein to the defendant Peter N. Pierce, that Pierce had not assumed the obligation of paying the mortgage, that the mortgagor was insolvent, and that the property, by reason of decline in value, was insufficient to discharge the mortgage debt sued upon and the first mortgage existing against the property, and that therefore it was necessary that a receiver be appointed to take possession of the property to preserve and protect the same in order to protect the interest of the mortgagee, the plaintiff, and to prevent further loss.

Immediately following the filing of the complaint notice was served on the defendants that on the 12th day of May, 1924, plaintiff would apply to the court for an order appointing a receiver to take charge of the property described in the mortgage. Thereafter the First National Bank of Brigham City, intervener herein, filed objection to the court appointing a receiver. It is alleged that said intervener held a chattel mortgage on the crop growing on the premises, securing an indebtedness then owing by the defendants, and that by reason of such chattel mortgage said intervener was entitled to have and receive the crop then growing upon the land. The intervener also denied that the defendant Coltharp had abandoned the property, and denied that it was necessary to have a receiver to care for the premises.

After a hearing, on the 8th day of July, 1924, the court entered its order appointing one W. V. Call receiver of the real estate and of the rents, issues, and profits of the same. The order recites that it appeared from the affidavits and evidence introduced that the mortgage attempted to be foreclosed was a second mortgage, that the condition of the mortgage had not been performed, that the mortgagor, Coltharp, was insolvent, and that the property was insufficient to discharge the mortgage indebtedness. It is also recited that there was maturing upon the land a crop of wheat, and that the property mortgaged was in danger of being lost, or said wheat removed or materially injured, and it

was necessary for the purpose of caring for and conserving the said property and to collect the rents, issues, and profits therefrom that a receiver be appointed. Thereafter, on the 4th day of September, 1924, the court entered its order permitting the First National Bank of Bringham City to intervene in the action and to file its complaint or other pleading therein as it might be advised. A complaint in intervention was filed by the bank on October 16, 1924. In the complaint in intervention it is set out at some length that the bank held a chattel mortgage on the crops growing on the mortgaged premises, and that the chattel mortgage was given to secure an indebtedness owing the bank by defendants.

Objections were made in various forms by the defendants to the order of the court appointing a receiver. A motion was later made on behalf of the defendants and the interveners to set aside and annul the order appointing a receiver. On September 5, 1924, the receiver filed his report with the clerk of the court. From this report it appears that the receiver had harvested and sold the crop growing on the premises; had received for the sale of 2274½ bushels of wheat the sum of $2,615.67. The disbursements totaled $767.22, leaving in the hands of the receiver $1,848.45. The report of the receiver was approved, and he was allowed $125 for services rendered in connection with the receivership, and also $50 for attorney fees for services rendered to the receiver. The balance was paid to the clerk of the court to be held pending the further order of the court. In the same order, the court discharged the receiver, and his bondsmen were exonerated. That order was made on December 10, 1924. The intervener bank and the defendants interposed objections to the court hearing and considering the report of the receiver, and also to the court's order approving such report, basing their objections principally upon the ground that the court had no jurisdiction to appoint the receiver, and that order was not authorized by law and hence was null and void.

The trial of the action came on for hearing on December 8, 1924. The court thereafter, on the 29th day of December, 1924, filed a memorandum of decision, and thereafter, on the 19th day of January, 1925, made its findings of fact and conclusions of law. Separate findings of fact were made on the principal action to foreclose the mortgage and on the controverted question as to whether the mortgagee, plaintiff in the action, or the intervener, First National Bank of Brigham City, was entitled to receive the balance of the funds collected by the receiver. The court found that on or about the 13th day of February, 1924, the defendants Coltharp and P. N. Pierce gave to the intervener their promissory note in the sum of $6,000, due on the 1st day of December, 1924, and to secure the payment of said promissory note executed a chattel mortgage upon the crops which had been planted and were thereafter to be planted, cultivated, and harvested for the years 1923 and 1924 upon the property, part of which is included in the plaintiff's mortgage. The court also determined that as matter of law the intervener had prior and superior right to the crops growing on the premises at the time of the institution of the foreclosure proceeding by reason of said chattel mortgage. Judgment was accordingly entered directing the clerk to pay to the intervener the money in his hands, amounting to $1,673.45. From that judgment the plaintiff appeals.

The decree of foreclosure directing the sale of the premises was entered on January 19, 1925. The premises described in the mortgage consisted of a "dry farm," and the principal crop growing thereon was wheat, planted in the fall of 1923. The mortgage contained no provision giving the mortgagee the rents, issues and profits of the real property, nor did it contain any provision giving the mortgagee a lien upon such rents, issues, and profits. The concrete question presented by this appeal is, Can a mortgagee, by instituting foreclosure proceedings and prior to the judgment of foreclosure, or sale made thereunder, by obtaining an order appointing a receiver to take charge of the prem-

ises, acquire a prior claim or right to the crops growing on the premises, as against a chattel mortgagee whose chattel mortgage was executed subsequent to the date of the real estate mortgage and prior to the institution of the action for foreclosure of the real estate mortgage?

By the provisions of our statute a mortgagor conveys no legal title to the mortgagee. The mortgage gives to the mortgagee a lien on the premises mortgaged to secure the payment of the indebtedness, but is not a conveyance of title. The mortgagor has, therefore, the legal title, and is entitled to retain possession of the premises until the expiration of the time for redemption, unless the terms of the mortgage give the mortgagee the right of possession. Whether a state of facts might arise which would authorize a court, in the exercise of its equitable powers, to take possession from the mortgagor during the pendency of the action or prior to the expiration of the time for redemption is not involved in this appeal, and upon that point we express no opinion. The mortgage in question here does not by its terms give the mortgagee any right to the possession of the premises, nor does it give the mortgagee any lien on the crops growing thereon, as security for the payment of the indebtedness owing to the mortgagee. The court in foreclosure proceedings as in all other actions founded upon contract is required to enforce the contract as made by the parties. It cannot give to a litigant any additional rights not fairly within the provisions of the contract. As we have pointed out, the mortgage sought to be foreclosed does not by its terms give the mortgagee any lien upon or right to the rents or the crops on the premises during the time the mortgagor is entitled to retain possession of such premises. In the state of Minnesota the mortgagee has a lien only for the security of the debt. In that respect the statutes of that state are similar to ours. The Supreme Court of Minnesota, in considering a question analogous to the question here,

in *Marshall & Ilsley Bank* v. *Cady*, 76 Minn. 112, 78 N. W. 978, says:

"The mortgagor has the legal title, and is entitled to the possession until a sale has been made, and the title of the purchaser has become absolute at the expiration of the year for redemption.  Under this state of the law, a mortgage binds only the land, and the rents and profits of the premises do not enter into, or form any part of, the security.  Courts have sometimes been led into error by assuming an analogy or similarity between a receiver of the rents and profits and 'a mortgagee in possession,' who cannot be evicted until the mortgage debt is fully paid.  But in this assumption they lose sight of the fact that a mortgagee in possession derives his right of possession, not under his mortgage, but under a subsequent and independent agreement with the mortgagor."

The appellant bases his right to have a receiver appointed, and to have the receipts applied in payment of the mortgage, on subdivision 4 of section 6764, Comp. Laws Utah 1917. That section, so far as material here, is as follows:

"A receiver may be appointed by the court in which an action is pending or has passed to judgment, or by the judge thereof:  *  *  *

"2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt."

The section quoted was taken literally from the California Code of Civil Procedure, and is known as section 564 of that Code.  The Supreme Court of California, in a case where the facts were similar to the fact here and where the principle involved was not different from the principle applicable here, in *Locke* v. *Klunker*, 123 Cal. 231, 236, 55 P. at page 995, says:

"  *  *  *  But, apart from these facts, we do not think the appointment and the subsequent possession of the receiver created any lien on the crops, or authorized the application of the proceeds to plaintiff's deficiency judgment.  We are not aware that this court has ever held in any case, where the mortgage did not purport to

mortgage the rents, issues, and profits, that the growing crops of the mortgagor may be taken possession of by a receiver, under section 564, supra, and the proceeds applied to any deficiency there may be upon the foreclosure sale of the mortgaged premises."

See, also, *Bank of Woodland* v. *Heron*, 120 Cal. 614, 52 P. 1006; *White* v. *Griggs et al.*, 54 Iowa, 650, 7 N. W. 125; *Sheeks et al.* v. *Klotz*, 84 Ind. 471; *American Bridge Co.* v. *Heidelbach*, 94 U. S. 798, 24 L. Ed. 144; 3 Jones, Mortgages (7th Ed.) § 1536; 27 Cyc. 1247; Annotator's notes to 4 A. L. R. 1405.

The action to foreclose the mortgage in this case was filed in May, 1924. The receiver was appointed thereafter, and the crops were harvested during the summer of 1924. A decree of foreclosure was entered in January, 1925. It will thus be seen that the mortgagor was entitled to the possession of the premises during the entire year 1924, and, as a necessary corollary, was entitled to the crops grown thereon and harvested during that time. No question is made that the crop mortgage was not given to secure an indebtedness due from the defendants to the intervener bank. At least the defendants are not questioning the intervener's right to the proceeds of the crop grown on the premises during the year 1924. The plaintiff, as mortgagee, had no interest in such crops, and was therefore in no position to object to any disposition made of the proceeds of the crops by the mortgagor during that time. The court, in our judgment, was clearly right in directing that the proceeds paid to the clerk by the receiver should be paid to the intervener bank and credited upon the debt of the defendants.

Objections were made on behalf of the defendants and the intervener bank to the order appointing the receiver. In the light of the authorities, it may seriously be doubted whether the court was authorized on the showing made by the plaintiff to appoint a receiver to take possession of the property and to harvest the crops

growing thereon. That question, however, is not before the court for review. Apparently there was some notice of appeal given on the part of the intervener, appealing not from the final judgment but from an order made and entered on the 10th day of December, 1925. This notice of appeal is signed by the attorneys for the defendants and the attorneys for the intervener. The language of the notice is, "hereby appeal to the Supreme Court of the state of Utah from the whole of a certain order made and entered in this action by the said court on the 10th day of December, 1924." The notice is dated the 8th day of June, 1925. By examining the record it appears that the order entered on December 10, 1924, was an order approving and settling the report of the receiver. No error was assigned, nor is there anything in counsel's brief pointing out wherein the court erred to the prejudice of the defendants or of the intervener bank in making the order affirming the receiver's report. The notice of appeal is insufficient and ineffectual in that it is not an appeal from a final judgment, but is apparently an appeal from a particular order, approving the receiver's report, made in the course of the trial. The question is not argued in the briefs, although some reference was made at the oral argument that the court exceeded its authority in appointing a receiver.

There is a cross-appeal on the part of the defendants and Louise Jensen. It appears that the mortgagor, Coltharp, subsequent to the execution of the mortgage and prior to the institution of the foreclosure proceedings, conveyed to Louise Jensen by deed 80 acres of the premises included in the mortgage. This Louise Jensen was an adopted daughter of the defendant P. N. Pierce. Through some oversight, plaintiff, appellant, neglected to make Miss Jensen a party defendant to the action. On or about June 15, 1925, the plaintiff, appellant, filed a petition in the foreclosure proceedings, in which petition Louise Jensen was named as a party defendant. Miss Jensen was served with notice of the filing of this petition, and also with notice of the time

and place of hearing to be had on the petition. In the petition it is made to appear that the plaintiff, Carlquist, was the regularly appointed receiver of the livestock company, that as such receiver he instituted the foreclosure proceedings, and that such proceedings resulted in decree of foreclosure being entered on February 19, 1925, and that the property described in the mortgage was sold on April 29, 1925, under said foreclosure, and that the plaintiff, Carlquist, as such receiver, purchased the premises at the foreclosure sale. The petition then recites that at the time the decree was entered, and at the date of the sale, title to 80 acres of the land included in the mortgage was held by Louise Jensen; that said Louise Jensen had full knowledge and was fully advised of the foreclosure proceedings by the defendant P. N. Pierce; that the petitioner was not aware at the time of the trial of the action or at the date of sale that title to such 80 acres was held by said Louise Jensen. There are other allegations but they are immaterial here. The prayer of the petition is that the court adjudge and determine the rights and claims of Louise Jensen in and to the property, or any part thereof, to be subsequent and inferior to the rights of the petitioner, and that all rights and claims of said Louise Jensen be foreclosed and terminated in accordance with the decree of foreclosure entered in said action. The defendants P. N. Pierce and his wife, Martha M. Pierce, and Louise Jensen filed an answer to the aforesaid petition. It is stated in the answer that long prior to the filing of the complaint for foreclosure of the mortgage the mortgagor, Coltharp, for a valuable consideration, deeded to the said Louise Jensen certain of the premises described in the mortgage; that said deed was recorded, and ever since the giving of the deed the said Louise Jensen had been in possession of the land and was the owner thereof. There are other allegations in the answer, which do not, however, affect the particular question here involved, but relate to the right of the court to appoint a receiver to harvest the crop during the year 1925.

It is inferentially, if not affirmatively, admitted by the allegations of the answer that all of the rights of the said Louise Jensen in and to the premises in controversy were inferior and subsequent in time to the rights of the plaintiff as mortgagee, or as receiver for the mortgagee livestock company. The court so found in the judgment entered upon the issues made by the petition and the answer thereto. It is true no formal findings of fact were made, but the order contains sufficient recital of facts to support the judgment of the court if the court was authorized to make the order as made. Louise Jensen, being the owner of the legal title, was entitled by reason of her interest in the premises to redeem from the foreclosure sale at least that part of the premises to which she held title. Her right to redeem would not expire until she had had her day in court or until some judgment or decree had been entered terminating such right, or at least fixing a time when her right to redeem would terminate, and that, as we understand the court's order, is its legal effect. The court's order is "that all the rights and claims and interests of every kind, nature, or description of the said Louise Jensen in and to the following described property," describing it, "and the whole thereof, be and the same are adjudged to be inferior to the rights of the plaintiff, representing the mortgagee, and as purchaser at the mortgage foreclosure sale, and that all of said rights, claims, and interests of the said Louise Jensen so adjudged and determined to be inferior to the said mortgage are foreclosed and concluded by the decree of foreclosure heretofore entered herein to the same force and effect as if the said Louise Jensen had been made a party to these proceedings as originally filed."

Louise Jensen, by reason of the conveyance to her, had the right to redeem from the foreclosure sale. Her right of redemption was equal in time to the right of any other person entitled to redeem, namely six months from the date of the foreclosure sale, if she was a party to the proceedings then pending and had been served

with process. The duration of her right, or the time in which she is entitled to redeem, could not be curtailed or shortened by any order the court might at a subsequent date make. If it was the intention of the court, by its order of October 9th, to limit Miss Jensen's right to redeem to six months from the date of the original decree, then to that extent we are of the opinion that the court was in error. The decree declaring her interest to be inferior and subject to the claims of the mortgagee is clearly supported by all of the facts in the records, and is not disputed by the defendants or Miss Jensen, and was an issue presented by the petition filed on June 15, 1925. Neither the defendants nor Miss Jensen, in their answer to the petition or otherwise, indicated that they contemplated or desired to redeem the property from the foreclosure sale. There is nothing made to appear that the defendants or Louise Jensen have, by the order of the court, been deprived of any right to which they are in equity or good conscience entitled. Admittedly her title was subject to the superior claim of the mortgagee. She has tendered no issue that would indicate that she is being deprived of any right to which she is entitled. We are unable to see that the order of the court is in any way prejudicial or works any injustice to her. Her right to redeem exists and would exist for six months from October 19, 1925; the date the court made the order holding her interests inferior to that of the purchaser at the foreclosure sale.

We find no reversible error in the record. The judgment is affirmed. Costs to be allowed to respondents.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.