(No. 5201. April 13, 1928.)

NORMAN P. VOLLMER, Plaintiff, v. ESTHER A. VOLL-
MER, Defendant.

[266 Pac. 677.]

O. C. Moore, John L. Phillips and Charles P. McCarthy, for Plaintiff.

James F. Ailshie and James F. Ailshie, Jr., for Defendant.

TAYLOR, J.—Plaintiff here was plaintiff in an action of the same title for divorce, and appealed from a judgment therein. By a subsequent order, the trial judge ordered plaintiff to pay certain counsel fees and expenses

and pay to the defendant $150 per month for maintenance
of herself and child pending the appeal. No appeal was
taken from that order. On plaintiff's application, a writ
was issued out of this court to review the action of the
trial judge in adjudging him guilty of contempt for failure
to make such monthly payments to the defendant, and
directing that he be confined in jail until payment of the
amount then due, $2,550. In this proceeding, the petition
was entitled the same as in the divorce action, although
the writ of review was directed to the Honorable Edgar C.
Steele, District Judge. The same title and references to
parties will be continued.

Return to the writ has been made. The defendant,
Esther A. Vollmer, the real party in interest, has filed
a demurrer to the sufficiency of the application to entitle
plaintiff to a writ of review. A brief statement of the
petition, likewise borne out by the record, will serve both
upon the demurrer and main issue.

On July 6, 1926, the trial court ordered plaintiff to pay
maintenance of $150 per month to defendant pending ap-
peal. On April 23, 1927, on application and affidavit that
plaintiff had failed to make such payments, an order citing
him to show cause why he should not be punished for
contempt, returnable April 30, 1927, was made, but never
served. Later, on a showing of his failure to comply with
this order for maintenance, this court refused to hear
plaintiff's appeal until he purged himself of this apparent
contempt. Plaintiff thereafter, by counsel, appeared in
the trial court and filed affidavits setting forth, as reasons
for his failure to comply with the order of July 6, 1926,
his inability so to do. Nothing further was done therein
until on January 2, 1928, when, it is alleged, the court,
"upon his own motion," but with consent of attorneys
for both parties, issued an order reciting practically all of
the foregoing facts, and requiring the plaintiff to show
cause on February 2, 1928, why he should not be punished
for contempt for his failure to comply with the original
order of July 6, 1926. On January 31, 1928, the defendant

filed an affidavit and application, setting forth the plaintiff's failure to comply with the order up to that date, except by payment of some $85, and asking that he be punished for contempt. On February 2, 1928, the parties and counsel appeared, and plaintiff filed an answer to the affidavit and application of defendant, and after hearing evidence, the court found and adjudged the plaintiff to have been and to be in contempt, adjudged the amount then due to be $2,550, that the plaintiff had the ability to pay this sum, and ordered him to pay it and to be confined in jail until it be paid.

The application, sworn to by O. C. Moore, counsel for plaintiff, sets forth the foregoing facts and records and files, and alleges that the trial judge exceeded his jurisdiction in that the record will disclose that the order adjudging him guilty of contempt was entered "without any evidence to support the findings of fact, as shown in said order, . . . . particularly in that the evidence does not show that he has any present ability, or has ever had the ability to pay the alimony money allowed" by the original order, and on the other hand shows the contrary; "that it was not shown in the evidence . . . . that your petitioner was able to pay the amount due at the time of the commitment of your petitioner, or to pay any part or portion of the amount due on such alimony"; that the court "arbitrarily refused to hear any argument by counsel in behalf of your petitioner, and refused to hear or listen to the presentation on the part of petitioner's counsel of the facts and the law applicable thereto."

The contention of the defendant upon demurrer is that the application shows that the court had regularly acquired jurisdiction of the subject matter, and of the person of plaintiff, and that thus this court is precluded from inquiring further into the record of such jurisdiction.

C. S., sec. 7392, provides that in such proceeding the "court or judge must determine whether the person proceeded against is guilty of the contempt charged," and C. S., sec. 7393, that "When the contempt consists in the

omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he has performed it, and in that case the act must be specified in the warrant of commitment.''

While a writ of review may not ordinarily be used to inquire into the weight or sufficiency of the evidence, yet upon an order such as imprisonment for contempt until performance of an act ''which is yet in the power of the person to perform,'' such review extends to the evidence itself, when questioned, to the extent of inquiring whether there was any evidence to furnish a substantial basis for adjudging the person guilty of contempt, and that the act ''is yet in the power of the person to perform.'' (4 Bancroft's Code Practice, pp. 3630, 3631, secs. 2834, 2835; *Hay v. Hay*, 40 Ida. 159, 232 Pac. 895.)

Petitioner has moved to strike matters contained in the return by way of answer constituting matters of recital of facts not otherwise shown by the record. Under C. S., sec. 7246, the return consists of ''a transcript of the record and proceedings, describing or referring to them with convenient certainty,'' and the record cannot be added to or supplemented by matters of recital not called for by the writ. Such recitals will be stricken and not considered. (*Johnson v. Ensign*, 38 Ida. 615, 224 Pac. 73.)

While the facts are alleged in the application, although not therein alleged fatal to the jurisdiction of the trial court, it is here now contended that an application and order citing one to show cause why he should not be punished for contempt must be based upon an affidavit; that the application and affidavit filed by defendant, Esther A. Vollmer, upon January 31, 1928, should not be considered, and gave the court no jurisdiction to act upon the previous order citing petitioner for contempt; that the affidavit filed upon April 23, 1927, was too remote to confer jurisdiction upon the district judge to make an order the 2d of January, 1928; and that the court was without jurisdiction to issue the order or hold a hearing thereon.

This court having, as a condition of hearing his appeal, in effect required the petitioner to purge himself of an implied contempt of the lower court, he was as much concerned in having a hearing upon the original citation as was the court or defendant. Counsel entered a voluntary appearance in response to the original application and affidavit supporting it, and the order of April 23, 1927, citing him for contempt, long after the return day of that order, and filed affidavits in answer thereto, after the order of this court staying further proceedings upon his appeal. The order of January 2, 1928, was issued with his consent, and his appearance in response thereto was voluntary. That order amounted to but fixing a date for hearing of contempt proceedings already initiated, and in which plaintiff had voluntarily appeared. When, as a matter of procedure, the matter of an answer was under discussion, plaintiff's counsel said:

"This order of your Honor's on the 2d of January on your own initiative very properly cites or rather requires that the defendant appear here . . . . We are here in reply to that. I am willing to get up an answer as best I can. . . . . Of course, the failure to obey the court's order is *prima facie* a contempt . . . . ; there is a presumption of contempt which casts the burden, of course, on Mr. Vollmer to appear here today and reveal the facts on which your Honor can say whether he is actually in contempt or not."

After a recess, counsel filed an answer to the show-cause order of January 2, 1928, and on suggestion of counsel that it be assumed that the hearing was both upon the show-cause order issued on the original application of April 23, 1927, and the application and affidavit of January 31, 1928, and the suggestion of the court that "You might as well consider all of these payments that haven't been made, and let the court consider them," counsel for plaintiff said, "I haven't the slightest disposition to not go into that."

The original affidavit and application, with plaintiff and counsel voluntarily appearing in answer to both the citation of April 23, 1927, made thereon, and the order of

January 2, 1928, were ample to confer jurisdiction. The order adjudging plaintiff in contempt recites that both applications and petitions were submitted together by agreement of counsel in open court. This statement is conclusive in the absence of any effort of plaintiff to correct it in the lower court, and, in any event, is supported by the record, and inquiry voluntarily acquiesced in, as to failure to make payments up to January 31, 1928, was not in excess of, and did not deprive the court of, jurisdiction.

■ The record does not support the statement in the application sworn to by counsel that the court "on said hearing arbitrarily refused to hear any argument by counsel in behalf of your petitioner, and refused to hear or listen to the presentation on the part of petitioner's counsel of the facts and the law applicable thereto; all of which is shown in the stenographic report of the proceedings." At one stage of the proceedings, when counsel was about to take the stand as a witness, he asked if that would debar him from argument, and was told that it would not, the court at this stage saying, "No. I don't expect to have any arguments. No, sir, it will not," and counsel for defendant saying, "We will raise no objection whatever if he wants to testify." At the close of the evidence, counsel for plaintiff announced, "That is our case." Whereupon, the court announced, "Gentlemen, in this case the court doesn't feel like it needs any argument." The foregoing quotations constitute "all of which is shown in the stenographic report of the proceedings." Not one word of protest was made by counsel to this announcement; not one word of argument was offered by counsel, or request made to be heard in argument, or to present the facts and law applicable thereto by argument. Something more than silence on behalf of counsel, and something more than the record shows here, some offer or request to be heard, is demanded to support such a charge.

■ The record amply supports the findings of the court that the plaintiff has been guilty of contempt of the court in failure, neglect, and refusal to comply with its

order. It discloses that the plaintiff has at times had in his hands, subject to his own will and disposal, sums of money such as $500 and $400; that he earned some $400 while working in California; that for long periods of time he has lived with his sister, remaining unemployed except for doing general work about her premises for her.

In answer to questions as to why he had not complied with the court's order, he gave answers as follows: "I thought she was as well off as I was." "She had wealthy sisters, as I understand." "Because I thought I had done my duty in the past." "I didn't figure I was depriving anybody of anything." "I mean I thought she was as well off as I was, probably better."

His conduct and his testimony show the utmost disregard for the order of the court, and if the matter were here alone upon a punishment for contempt prior to the hearing, the record would be ample to support such punishment, and we would not be concerned further.

The plaintiff contends that the record and the evidence were insufficient to sustain a finding that the plaintiff had, at the time of the order, the then present ability to pay the amount, $2,550, ordered paid, and that thus the order was void. This finding is our only further concern.

The record discloses that prior and subsequent to the divorce action, relatives of the plaintiff have furnished him with considerable means; that $450, ordered paid in the same order with the maintenance, was paid by relatives; that at least four prominent counsel have been employed on the appeal, and upon hearings incident to proceedings herein; that these expenses have been necessarily incurred in those proceedings; that relatives of the plaintiff have either paid or incurred these obligations. Likewise, a sum of $2,076 was paid from the estate of plaintiff's mother in payment of expenses incurred in the illness and funeral expenses of the child of the parties. The facts as to such payment, as well as others by relatives, are not material, except to show that they were not made as payments by plaintiff, or from property, assets, or resources of his.

Counsel for plaintiff have been persistent and particular to impress upon the record the fact that each and all of these contributions of relatives to his care, support, or maintenance, or to his necessary expenses in the conduct of the divorce action, and the appeal and these proceedings, have been donations without obligation.

Plaintiff's mother died April 10, 1925. Her will was filed for probate May 8, 1925. Since May 23, 1925, plaintiff, with his sister and his brother-in-law, has been a joint executor and trustee of this estate. The will of plaintiff's mother provided that "all trustees under this will shall be entitled to necessary expenses and reasonable compensation for services." There is no evidence that plaintiff inherited anything other than a nominal sum from the estate of his mother. The evidence is sufficient to establish the value of this estate at not less than $750,000. C. S., sec. 7690, authorizes compensation to executors and administrators of percentages, which, upon an estate of such size, would approximate $30,130; and C. S., secs. 7721 and 7722, provide for just and reasonable compensation of trustees from time to time. Counsel's argument that, under the rule of *Jones v. Broadbent*, 21 Ida. 555, 123 Pac. 476, the duties of the trustees do not begin until the estate is closed and distributed, and have not begun, is directly contrary to the provisions of the will that the bulk of the estate is to be held and managed by the executors "as trustees instead of as executors," and the income therefrom, "beginning from the date of my death," disbursed by them as trustees.

No payment is shown to have been made to the plaintiff as compensation for services as executor or trustee. The burden was upon plaintiff to make a full and fair disclosure of his financial condition and to show his inability to comply with the order of the court.

The plaintiff having chosen not to disclose what if any compensation he had earned, or to what if any sums he is now entitled as executor or trustee, we may assume, and the lower court was entitled to assume, that if such evidence had been disclosed, it would have been to his

detriment. The court was entitled to assume that the plaintiff will be entitled to one-third of the compensation which will ultimately be earned, and is entitled to one-third of that which has been earned, by the executors and trustees; and with some 33 months elapsed of a total of seven years, or 84 months, between the institution of probate proceedings on the mother's estate, and the time when the estate could be closed, the executors had earned and were entitled to approximately 33/84 of a total of $30,130, or $11,836; that the plaintiff himself was entitled to approximately $3,945, compensation already earned.

 Counsel urge that fees of this kind are not payable in advance in the absence of statute, and that no fees would be due to the plaintiff as executor until the termination of his trust, and it is not shown that plaintiff has collected or will collect, at any definite future time, any such fees out of which the payment could be made; that no present ability on his part, arising from that source, is shown. Counsel argue that plaintiff would have no right to assign expectant fees as such executor, for a present consideration or as collateral for a loan; that such assignment is forbidden by public policy; and cite in support of this, 5 C. J., p. 874, sec. 43. Counsel overlook, however, the fact that no such rule applies to an assignment of salary or fees which have been earned; and such assignment is, therefore, valid. (5 C. J., p. 866, sec. 35.)

The plaintiff is shown to have enjoyed credit such that the Davenport Hotel furnished accommodations to his wife at his request; the Crescent Department Store, a large store, furnished goods for her at his request; although the record shows that these items were paid by plaintiff's sister, and by her and by counsel termed voluntary donations.

 The fact that one has rich relatives or friends who have at times listened to his importunities and contributed to the amelioration of his embarrassing circumstances, without obligation so to do, and who might again do so, is no ground for finding a present ability to pay moneys which he has no other way of securing. There is

not shown an instance of his attempt to use his credit, or secure funds, for purposes of his own choosing, that has failed or been refused, and there are many instances of his success. It is not shown by the record that he has made any attempt whatever to secure funds at any time to pay the monthly payments required by the order of court; nor that he has, at any time, anywhere, sought to make use of his credit for the purpose of obtaining funds, or sought a loan from any source; nor that, as executor or trustee, he has shown the slightest desire to anticipate a final settlement of his mother's estate, and either secure for past services, or borrow any money upon the credit of moneys due him as compensation as executor or trustee. The record is ample to justify the finding that the plaintiff, at the time of the hearing, had the ability to pay the sum ordered. (*Croft v. Croft*, 77 Wash. 620, 138 Pac. 6.)

Defendant's motion for allowance of attorney's fees and costs is denied upon authority of the analogous ruling of *Vollmer v. Vollmer*, 43 Ida. 395, 253 Pac. 622.

The proceedings are affirmed and the writ dismissed. Costs to defendant.

T. Bailey Lee, J., and Varian, District Judge, concur.

Givens, J., disqualified.

BUDGE, J., Concurring Specially.—I am convinced from the record that issuance of the citation to plaintiff to show cause why he should not be punished for contempt and his answer thereto vested the court with jurisdiction of the person and of the subject matter. The record further discloses beyond controversy that evidence was taken, and that there was some evidence to support the judgment entered. Upon a writ of review this court will not consider the weight, competency or sufficiency of the evidence, but will determine the sole question of whether the court had jurisdiction. The judgment and orders of the court or judge made in cases of contempt are final and conclusive. (C. S., sec. 7396.) The sufficiency of the evidence to support the

judgment awarding alimony is subject to review upon appeal in the main case, now pending in this court.

This court is powerless to grant any relief to plaintiff and the writ must be dismissed.

WM. E. LEE, C. J., Concurring in Part and Dissenting in Part.—I agree that plaintiff has not manifested a proper regard for the orders of the trial court, and that he has merited punishment therefor under C. S., sec. 7392. This, however, is not the question for consideration. Plaintiff was ordered imprisoned "until he . . . . pay to the defendant" $2,550. To justify the imprisonment of a person, in such a case, until he has paid a certain sum of money, it must appear that the payment of the sum was within the power of the person at the time of the commitment. (C. S., sec. 7393.) I agree with the majority opinion that the question for decision is whether the evidence shows that it was within his power to make the payment when the court ordered him imprisoned. I also agree that this question may be determined on a writ of review.

The action of the trial court is justified by the majority principally on the ground that plaintiff was one of three executors and trustees of his deceased mother's estate, and that he can secure sufficient money to comply with the court's order from that source. The testimony in this respect was very brief, and was to the effect that plaintiff was named as executor and trustee in his mother's will. There is no evidence that he ever qualified as or has performed any of the duties of executor or trustee, or that he is now, or ever will be, entitled to any payment from that source.

The last paragraph of the findings is that "Upon the foregoing facts, the court concludes and finds that the plaintiff is guilty of a wilful contempt . . . . "

In none of the "foregoing facts" is any reference whatever made to plaintiff's appointment as executor or trustee of his mother's estate; nor is there any imputation that he is able to comply with the court's order on that account. There is not an iota of evidence that he is entitled to any

compensation by reason of any services with respect to his mother's estate. On the contrary, plaintiff testified that he had no funds or property or resources whatever. In this he was fully corroborated by his sister.

That plaintiff's relatives are wealthy and in times past have furnished him funds is no indication of present ability on his part to comply with the court's order to pay alimony. That his sister possesses, as the court specifically found, "property and assets of so great a value that she cannot state its approximate value" is wholly immaterial to this case, and, together with other findings, only serves to indicate that the commitment was based on the ability of his relatives to pay the required sum.

Feeling, as I do, that there is no evidence in the record that plaintiff has the present ability to comply with the court's order, I dissent from the affirmance of the proceedings and hold that the commitment was void.

Petition for rehearing denied.