(No. 5128.   August 15, 1928.)

J. K. VAUGHT, Plaintiff, v. THE DISTRICT COURT OF
THE FOURTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR CAMAS COUNTY,
and H. F. ENSIGN, Judge of Said Court, Defendants.

[269 Pac. 595.]

J. G. Hedrick and Frank Croner, for Plaintiff.

James & Ryan, for Defendants.

GIVENS, J.—Plaintiff herein petitions for a writ of review challenging the action of the district court and the judge thereof in appointing a receiver in a foreclosure action brought by one Williams on a second mortgage against plaintiff herein and others.

Plaintiff in the foreclosure action, in his petition for a receivership, stated that certain moneys had been paid on a first mortgage to the Federal Land Bank, which mortgage, by the terms of the mortgage being foreclosed, "became part of this mortgage and subject to foreclosure according to the terms thereof," relying as to such phase of the con-

troversy on *Reed v. Hartsock,* 38 Ida. 771, 225 Pac. 139, to the effect that since the rents, issues and profits were covered by the Federal Land Bank mortgage, the mortgagee herein was subrogated to the rights of such first mortgagee and entitled to sufficient of the rents, issues and profits to be reimbursed for the amounts actually paid by the mortgagee herein to protect his lien against the prior lien of the Federal Land Bank mortgage.

The petition also alleges that the mortgage being foreclosed was delinquent and the taxes on the property unpaid.

A supporting affidavit made by the attorney for Williams reasserted the existence of the first mortgage and that taxes for two years had not been paid, and that "the value of the said property does *not* (the word 'not' evidently being inadvertently omitted) exceed the sum of $12,000 and is wholly insufficient to discharge the indebtedness against the same."

In opposition affidavits, it was asserted that the money paid by the Federal Land Bank was Vaught's, that is, the money of one of the defendants therein, plaintiff herein; that the land was worth $20,000; and that the money was paid by Vaught to the mortgagee's attorney to discharge the taxes and pay the principal and interest due the Federal Land Bank.

In *certiorari* the sole question relates to jurisdiction. (*Utah Assn. of Credit Men v. Budge,* 16 Ida. 751, 102 Pac. 691; *Beus v. Terrell, ante,* p. 635, 269 Pac. 593.) If the court had jurisdiction of the parties and the subject matter, the inquiry will be confined to a determination of whether the facts relied upon were sufficient to sustain the court's action. (*Vollmer v. Vollmer, ante,* p. 97, 266 Pac. 677.) The plaintiff having alleged that the terms of the mortgage had been broken, that the property was insufficient to satisfy the mortgage, and, in effect, by reason of his subrogation to the rights of the Federal Land Bank, that he had a mortgage upon the rents, issues and profits, a *prima facie* showing was made entitling him under C. S., sec. 6817, to a receiver for the purpose of securing to the

mortgagee the rents, issues and profits due the mortgagor. (*Carlquist v. Coltharp*, 67 Utah, 514, 47 A. L. R. 765, 248 Pac. 481; *Locke v. Klunker*, 123 Cal. 231, 55 Pac. 993; 42 C. J., p. 123, sec. 1688; 19 R. C. L. 562 (Mortgages), sec. 369, n. 3. See, also, Jones on Mortgages, sec. 975 et seq.)

The proceedings below are affirmed and the writ dismissed. Costs to defendants.

Wm. E. Lee, C. J., and Budge, J., concur.