320

698 P.2d 838

**John K. AMLIN, Petitioner-Appellant,**

v.

**The Honorable Kay HAMILTON, Respondent.**

No. 15380.

Court of Appeals of Idaho.

April 4, 1985.

Rehearing Denied May 10, 1985.

Petition for Review Denied
Aug. 27, 1985.

Jon N. Wyman of Wyman & Wyman, Boise, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for respondent.

PER CURIAM.

John Amlin was held in contempt of court when he appeared in magistrate division for trial on a traffic offense on June 3, 1983. The finding of contempt was based on Amlin's violation of an "order" made by the magistrate directing Amlin to appear and to be ready for trial on June 3. For the contempt, the magistrate ordered Amlin to pay jury costs of $145 and court costs of $11.50. Amlin then filed a petition for a writ of review in the district court, under I.C. § 7-201, challenging the magistrate's jurisdiction to issue the order of contempt.

Upon the record furnished to it, the district court held that the magistrate court had not acted in excess of its jurisdiction and denied Amlin any relief. Amlin then appealed to this court. We reverse.

Counsel for the magistrate in this appeal[1] has candidly admitted in his brief,

1. The magistrate was represented by other coun-        sel in the district court proceedings.

and at oral argument, that the record discloses no order upon which the magistrate could find Amlin in contempt of court for failure to be "ready to proceed to jury trial on June 3." The magistrate exceeded her jurisdictions. *See, e.g., Albrethson v. Ensign,* 32 Idaho 687, 186 P. 911 (1920). Thus, the principal issue raised by this appeal has been decided for us. However, appellant has also requested an award of attorney fees on appeal under I.C. § 12–121. Respondent resists this request, contending that this appeal has not been defended frivolously, unreasonably or without foundation. *See* I.R.C.P. 54(e).

■■■ It is well established that an appellate court cannot award attorney fees on appeal under I.C. § 12–121 absent a finding that the appeal was pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). Here, respondent's counsel on appeal has readily conceded the merits of Amlin's attack upon the underlying contempt order, while resisting only Amlin's request for an award of attorney fees on appeal. We believe this concession of error is a commendable approach which should be encouraged, not discouraged. The duty counsel owes to a client is not advanced by continuing to advocate a totally untenable position. Nor can we say it was unreasonable for respondent to resist Amlin's request for an award of attorney fees on appeal. The decision to award or not to attorney fees on appeal under I.C. § 12–121 involves the exercise of discretion by this court. We are reluctant to say that by merely seeking to persuade this court not to award Amlin fees on the appeal respondent has acted unreasonably. Because in this instance we cannot make the findings required by *Minich,* we must decline to award Amlin fees for the appeal.

■ One of the principal arguments made by respondent on appeal was that we should deny attorney fees to Amlin because he provided an incomplete and therefore somewhat misleading record to the district court for its review of the jurisdictional issue.[2] We wish to make it clear, however, that our denial of attorney fees is not based on this argument.

Insofar as the duty to furnish a record for review by a higher court, the petitioner for writ of review under I.C. § 7–201 is in an entirely different position from an appellant in an appeal. The Idaho Supreme Court, faced with an original petition for review of proceedings in district court, in *Ada County v. Bottolfsen,* 61 Idaho 64, 73, 97 P.2d 599, 602 (1939) (quoting *Johnson v. Ensign,* 38 Idaho 615, 617, 224 P. 73, 74 (1924)), said:

> The issuance of a writ of review requires the furnishing to this court of the record in the lower court; and the validity of the order complained of in the petition for the writ is determined not on the allegations contained in the petition for the writ, but on the record furnished in response to the writ.

In Amlin's petition for a writ of review he specifically requested that the magistrate be required to certify "all the records and proceedings" pertaining to the traffic citation as well as those in the contempt proceedings. It appears that Amlin initiated the correct procedure for compelling production of the complete record for purposes of its review by the district court. Moreover, the minutes show that on at least two later occasions Amlin's attorney made further attempts to get requested transcripts. Thus, it has not been shown to us that Amlin is at fault for any failure to present a complete record to the district court.

Our denial of attorney fees on appeal is not to be construed as foreclosing an award of attorney fees to Amlin by the district court in respect to proceedings on

**2.** The record before the district court did not include a transcript of proceedings before the magistrate on April 21, 1983 regarding a trial on the traffic citation issued to Amlin. At that time the state requested a postponement of the trial and a new trial setting was made. By stipulation of counsel at oral argument before us it was made a part of the record on appeal. No order directing Amlin to appear and be ready for trial on June 3 is contained in the record.

the writ of review. Respondent had not conceded error in the district court. On remand the district court is directed to reverse the order of contempt entered in the magistrate's division because the magistrate court acted in excess of its jurisdiction. The district court may entertain a timely application from Amlin for costs and attorney fees. Such fees may be awardable under I.C. § 12–121. We will leave this decision to the district court.

Costs to appellant Amlin. No attorney fees on appeal.