(December 30, 1905.)

# McCONNELL v. STATE BOARD OF EQUALIZATION.

[83 Pac. 494.]

STATE BOARD OF EQUALIZATION—ASSESSMENT OF RAILWAY, TELEPHONE AND TELEGRAPH LINES—CONSTITUTIONAL LAW—WRIT OF ERROR— WHAT MAY BE REVIEWED UNDER—LITIGATION OF—PRIVATE RIGHTS.

1. Under the provisions of the revenue law, approved March 22, 1901 (Sess. Laws 1901, p. 257), the state board of equalization is authorized to fix for taxation the valuation of railroad, telephone and telegraph lines, and property belonging thereto.

2. Under the provisions of sections 4962 and 4968 of the Revised Statutes, this court is not authorized, by *certiorari*, to pass upon the constitutionality of an act upon the application or petition of a private person to protect his private property rights.

3. Under the provisions of said section 4968, the review upon said writ cannot extend further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority given such tribunal, board or officer by the law. If such were done, it would amount primarily to an inquiry as to the authority of the legislature to enact such law and not the authority of a tribunal, board or officer to act under a statute which has all the appearance and semblance of a valid law.

4. This court cannot inquire into the constitutionality of the revenue law of this state upon a writ of review on the application of a private citizen in a matter involving his private rights.

5. Under a writ of review, errors and mistakes of judgment of a board as to the value of property that it is authorized to assess cannot be reviewed; neither can such writ be invoked for the purpose of reviewing the facts upon which the inferior tribunal, board or officer acted except for the purpose of ascertaining the fact of jurisdiction.

6. The provisions of such writ is limited to a review of questions of law involved in the matter, and the court must confine its inquiry to the question as to whether or not the action complained of was beyond and in excess of the jurisdiction conferred on the tribunal, board or officer. On such writ this court cannot review the question of fact as to whether said board in its judgment or opinion has valued the railway, telephone and telegraph lines at less than their cash value.

(Syllabus by the court.)

ORIGINAL application for a writ of review. Writ denied.

Ralph P. Quarles, for Plaintiff.

The constitutionality of a statute can be inquired into on *certiorari.* (*Weed v. Mayor etc.,* 172 Mass. 28, 51 N. E. 204, 42 L. R. A. 642; *Meller v. Board etc.,* 4 Idaho, 44, 35 Pac. 712; *Dunn v. Sharp,* 4 Idaho, 98, 35 Pac. 842; *Board of Aldermen v. Darrow,* 13 Colo. 460, 16 Am. St. Rep. 215, and note, 22 Pac. 784; *Wilson v. City of Seattle,* 2 Wash. 543, 27 Pac. 474; *Levy v. Superior Court,* 66 Cal. 292, 5 Pac. 353; *Levan v. Richards,* 4 Idaho, 667, 43 Pac. 574; *Ah Fong v. McCalla,* 7 Idaho, 20, 59 Pac. 930.) In proceedings analogous to writ of review the court has considered the constitutionality of statutes. (*Holmberg v. Jones,* 7 Idaho, 752, 65 Pac. 563; *In re Brickey,* 8 Idaho, 597, 101 Am. St. Rep. 215, 70 Pac. 609; *In re Inman,* 8 Idaho, 398, 69 Pac. 120; *Good v. Steele,* 8 Idaho, 538, 69 Pac. 319; *McNamee v. Steele,* 8 Idaho, 539, 69 Pac. 219.) The plaintiff contends that the legislature cannot, directly or indirectly, through the defendant board or other agency, take any necessary step in the process of imposing county or municipal taxes. It is prohibited from doing so. What does the term "impose a tax" mean. In American and English Encyclopedia of Law, volume 27, second edition, page 658, it is said in the text: "Three things are essential to a text: First, the ascertainment of a sum certain, or that can be rendered certain, to be imposed on the collective taxpayers; second, a legal imposition of that sum on the collective body of taxpayers; third, an apportionment of the amount among the individual taxpayers, so as to ascertain the part or share due from each." In the case of *Quivey v. Lawrence,* 1 Idaho, 313, it is held that the assessment of property for taxation is indispensable to the imposition of a tax. And at page 316 the court says: "In Blackwell on Tax Titles, page 106, the rule as to the assessment of property is thus stated: 'A listing and valuation of the lands is a prerequisite which cannot, under any circumstances, be dispensed with. It is the basis upon which all the subsequent proceedings rest.' " The word "impose" is thus defined: "3. To lay on as a burden, a tax, a toll, a duty, an office, a penalty, a command, an injunction, a restriction, etc. . . . . 5. To fix upon." (Encyclopedic Dictionary.)

J. J. Guheen, Attorney General, George M. Parsons, Edwin Snow and F. S. Wettach, for Defendant.

The writ of review is a statutory remedy. Conceding this, its limitation must be sought for and found in the statutes. (*Adleman v. Pierce,* 6 Idaho, 294,°55 Pac. 658.) In *State ex rel. Fletcher v. Osbourn,* 24 Nev. 187, 51 Pac. 837 (quoted in the Idaho case), the court says, under a statute identically the same as ours (Nev. Gen. Stats. 1885, sec. 3458) : "This court has repeatedly and uniformly held that the inquiry upon this writ would not be extended further than was necessary to determine whether the inferior tribunal, board or officer has exceeded its jurisdiction or has regularly pursued its authority." This was held in *Phillips v. Welch,* 12 Nev. 158. The supreme court of California, under similar statutes, ours being a literal copy (Code Civ. Proc., sec. 1068 et seq.), in *Quinchard v. Board etc.,* 113 Cal. 664, 45 Pac. 856, says: "The scope of this writ has been limited by section 1068 of the Code of Civil Procedure (the same as our section 4968), and is to be issued only when an inferior tribunal, board or officer has exceeded the jurisdiction of such tribunal, board or officer, and cannot be extended further." (*Central Pac. R. R. Co. v. Placer Co.,* 43 Cal. 365.) The office of the writ of review is only to bring the matter before the court when the inferior tribunal, board or officer has acted judicially. (*Quinchard v. Board etc.,* 113 Cal. 664, 45 Pac. 856; *People v. Supervisors of Lawrence Co.,* 25 Hun, 131; *In re Mt. Morris Square,* 2 Hill, 14; *People v. Board etc.,* 33 Barb. 344; *People v. Board etc.,* 43 Barb. 232.) The only question, then, for the consideration of this court in this proceeding, in the light of the decisions, is this: Was there an excess of jurisdiction, and did the board regularly pursue the authority vested in it by law? If a board usurps a power not given by the constitution or statute, then the remedy is *quo warranto.* (Rev. Stats., sec. 4612.) The constitutionality of an act cannot be raised by writ of review. (*Hampton v. Dilley,* 3 Idaho, 427, 31 Pac. 807; *Wright v. Kelly,* 4 Idaho, 624, 43 Pac. 566.) In summary remedies, as in the issue of writs of parallel nature, they can-

not be made an instrument for giving a court jurisdiction of litigation on collateral matters in an irregular way. (Spelling on Extraordinary Legal Remedies, sec. 1386.) Nor can the question of the validity of an act of the legislature be raised by an application for mandamus. . Nor should the writ issue in cases where the right of the relator depends on holding an act of the legislature unconstitutional. (*Fraser v. Freelon,* 53 Cal. 644; *Orr v. State Board,* 3 Idaho, 190, 28 Pac. 416.) "If a municipal corporation appears to be acting under color of law and recognized by the state as such, such a question as to its legal existence should be raised by the state itself by *quo warranto* or other direct proceedings." (*State v. Carr,* 5 N. H. 367; *People v. Maynard,* 15 Mich. 463; *Stuart v. School Dist.,* 30 Mich. 69; *President v. Thompson,* 20 Ill. 197; *Kettering etc. v. Jacksonville,* 50 Ill. 39; *Geneva v. Cole,* 61 Ill. 397; *Kayser v. Brennan,* 16 Mo. 88; *State v. Weatherby,* 45 Mo. 17; *St. Louis v. Shields,* 62 Mo. 247; 1 Dillon on Municipal Corporations, sec. 43; *Burt v. Winona etc. R. R. Co.,* 31 Minn. 472, 18 N. W. 285, 298; *Brown v. Brown,* 99 Ga. 168, 25 S. E. 95; 6 Cyc. 761; *People v. County Judge,* 40 Cal. 479; Cooley on Constitutional Limitations, 6th ed., p. 196; *Donough v. Hollister,* 82 Mich. 309, 46 N. W. 782.) "Mandamus should not be issued, as a general rule, when the right of the relator depends upon the holding of an act of the legislature unconstitutional." (14 Am. & Eng. Ency. of Law, 100.) "Or when it becomes necessary to decide on the constitutionality of a law involving the rights of third persons." (High on Extraordinary Legal Remedies, sec. 143; 4 Field's Law Brief, 440; *Alderton v. Binder,* 81 Mich. 133, 45 N. W. 968.) The same rule will apply to writs of review. The fixing of a valuation upon railroads, telegraph and telephone lines is not in any sense the assessing, imposing or levying of a tax. (*Bridwell v. Morton,* 46 Ark. 73-78; *Moss v. Hindes,* 28 Vt. 279; *Eide v. Clarke,* 57 Minn. 397, 59 N. W. 484.) Among others, the following states have their constitutional provisions similar to section 6, article 7, of our constitution, and these states also have laws providing that the state board of equalization shall place the value upon railroads, telegraph,

and telephone lines, to wit: Montana (Const., sec. 4, art. 12), Nebraska (Const., sec. 7, art. 9), California (Const., sec. 12, art. 11), South Dakota (Const., sec. 10, art. 11), Illinois (Const., secs. 9, 10, art. 9), and Missouri (Const., sec. 10, art. 10). Under constitutional provisions similar to ours, the supreme court of Montana, in *Lockey v. Walker*, 12 Mont. 577, at page 582, 31 Pac. 639, passes squarely upon this proposition. See, also, *State v. Aitken*, 62 Neb. 435, 87 N. W. 153. Virtually to the same effect is the case of *City of Louisville v. Warehouse Co.*, 107 Ky. 184, 53 S. W. 291. Errors and mistakes in judgment of the state board of equalization cannot be inquired into on writ of review. (*Central Pac. R. R. Co. v. Placer Co.*, 43 Cal. 365; *State v. State Board*, 3 S. Dak. 338, 53 N. W. 192; *State v. Ellis*, 15 Mont. 225, 38 Pac. 1079; *Tomlinson v. Board of Equalization*, 88 Tenn. 1, 12 S. W. 414, 6 L. R. A. 207; *Murphy v. Board*, 6 Idaho, 745, 56 Pac. 715; *Republic Ins. Co. v. Pollak*, 75 Ill. 292; *Smith v. Supervisors*, 30 Iowa, 531; *Cleveland etc. Ry. Co. v. Backus*, 133 Ind. 513, 33 N. E. 421, 18 L. R. A. 729; 2 Cooley on Taxation, p. 1405; *Matter of Mt. Morris Square*, 2 Hill, 14; *In re Philadelphia etc. Co.*, 6 Whart. 25, 36 Am. Dec. 202; *Low v. Galena etc. Ry. Co.*, 18 Ill. 324; *Jackson v. People*, 9 Mich. 111, 77 Am. Dec. 491.) Cooley on Taxation, volume 2, page 1406, further says: "Assessments cannot be revised or set aside on this writ on the ground merely that they are excessive or unequal." (1 Desty on Taxation, p. 498.) Among other numerous cases settling the same point are: *Polk Co. v. Des Moines*, 70 Iowa, 351, 30 N. W. 614; *Randle v. Williams*, 18 Ark. 380; *Jones v. Boston*, 104 Mass. 461; *State v. Powers*, 24 N. J. L. 400; *Texas etc. Ry. Co. v. Harrison Co.*, 54 Tex. 119.

SULLIVAN, J.—This is an application for a writ of review to the state board of equalization requiring them to certify to this court for review all of their proceedings had and done at their August, 1905, meeting, which was held "for the purpose of equalizing taxation and assessments of the property for taxation throughout the state, and in the various counties thereof."

It is alleged in the petition that in addition to performing the duties devolving upon said board by law, in violation of the provisions of article 7 of the constitution of the state of Idaho, and especially of section 6 of said article, usurped and assumed the power to impose municipal taxes for county and school district purposes upon the various railway lines within the state and within each and all of the counties thereof, and in so doing, said state board of equalization was acting without its jurisdiction, and acting in a judicial capacity and performing judicial functions which are not vested in it by the constitution of the state.

The petitioner further states that he is advised and believes, and therefore avers, that the power to impose taxes necessarily includes and carries with it the power to fix the valuation of the property to be subjected to such taxation, and that the act of the legislature of the state of Idaho, relating to revenue and taxation, approved March 22, 1901, and sections 74 to 83, inclusive, in so far as they attempt to authorize said board of equalization to assess or fix the valuation of railways and other property, real and personal, in the different counties of the state for the purposes of municipal taxation, is unconstitutional and void. Then the petitioner proceeds to set forth some of the acts done by said board at said meeting, and also sets forth a schedule showing the assessment of the railway lines in this state for that year, and avers that he is advised and verily believes that said acts of said board are of no effect and made without authority or power and are void.

The petitioner thus attacks not only the acts of the board as being void, but also said act of the legislature as being unconstitutional, and further states ''that should it be held that said act of March 22, 1901, is not void but valid and of binding force, which affidavit does not admit, but, on the contrary, denies, that then the said order and the whole thereof is void and of no effect for the reasons following, to wit: The said board wrongfully, unlawfully and without jurisdiction so to do, failed and refused to fix the full cash value of and upon the said railway lines and each and every of them as required by the provisions of the statute in such cases made and pro-

vided, but, on the contrary, placed the valuation thereof at not to exceed one-eighth of the fair cash value of the same.''

The petitioner then avers that he is informed and believes that the value of the railway lines in the aggregate is $91,-000,000, and that the defendant board fixed the same at less than one-eighth of that amount, and then proceeds to give his opinion of the value of the said railway lines and of their marketable and commercial value, and proceeds to state the valuation placed upon cows, horses and sheep by the county assessors of the various counties and other property, and avers that the value placed thereon approximated nearer the actual cash value of the same than the value placed upon the railway lines by said board of equalization. Petitioner further alleges that the defendant board in like manner assumed and usurped the power to assess telegraph and telephone lines throughout the different counties of the state without jurisdiction.

The petitioner further avers that there is no appeal from the action of the said board of equalization, and that the petitioner has no other adequate remedy, speedy or otherwise, to correct the errors alleged to have been committed by said board. Petitioner demands that a writ of review be issued to said board, requiring them to certify all their proceedings in regard to said matters set forth in the petition, that the same may be reviewed by this court, and that the order fixing the valuation of the railway lines in the state be annulled and that said assessment of the railway, telegraph and telephone lines be held to be without the jurisdiction of said board, and that should this court hold that said act of March 22, 1901, is valid, that this court then hold and adjudge said order of the defendant board void for want of jurisdiction, in that it assesses for taxation the said railway lines at one-eighth of their actual cash value.

To this petition the state board of equalization appeared and demurred: 1. On the ground that said petition does not state facts sufficient to authorize the issuance of the writ of review; 2. That the petition is ambiguous, unintelligible and uncertain; that it is ambiguous in asking primarily for a determination of the constitutionality of the act giving said

board its authority and declaring the acts void, and then alleging excess or want of jurisdiction in a board having, according to the petition, no legal existence or authority to do the acts complained of; 3. That it is inconsistent in alleging the authority of the said board and then denying it, and that it is uncertain in declaring but one of the several consistent allegations will be relied upon; 4. That it fails to set out the facts that would authorize the issuance of the writ; that the affidavit of the party making the oath to said petition is insufficient to show that he is entitled to the writ and that said petition is insufficient in form, as well as in substance.

The plaintiff presents two propositions in this case: 1. That sections 74 to 83, inclusive, of the revenue act of March 22, 1901 (Sess. Laws, 1901, pp. 257-261), in so far as the same attempt to authorize the state board of equalization to fix the valuation of railroad and telegraph lines and property belonging thereto, are unconstitutional and void; and 2. That if the said sections are constitutional and valid, then the board has exceeded its jurisdiction in assessing the property of railway and telegraph lines in this state, for the reason that said board has failed to assess the same at its full cash value, but, on the contrary, has placed a valuation thereon at not to exceed one-eighth of the fair cash value of the same.

Upon the threshold of our consideration of the first proposition, we are confronted with this question: Can the court upon a writ of *certiorari* sued out by a private party for the protection of his private property rights inquire into and pass upon the constitutionality of an act of the legislature? It has been heretofore determined by this court in *Adleman v. Pierce,* 6 Idaho, 294, 55 Pac. 658, that the jurisdiction of the court on writs of review is limited by the statute to the cases therein designated and cannot inquire into the action of the court, tribunal or board whose action is being reviewed in any respect beyond the scope prescribed by the statute.

The court, speaking through Justice Quarles, there said: "The question of jurisdiction is to be determined by the terms of the statute. The authority cited to us from the common law, and from those states whose statutes are different from

ours, have no application here, and are entitled to no weight in determining the question before us. The legislature, having defined the case in which the writ will lie, have excluded all other cases.

"This brings us to the question: In performing the act complained of (i. e., the letting of the said contract), was the common council of Boise City exercising a judicial function? We are compelled to answer this in the negative.. None of the acts complained of were judicial acts. The legislature, in passing the act amending the charter of Boise City, was exercising a legislative, and not a judicial, function." So the legislature in passing said revenue act was exercising a legislative and not a judicial function.

Section 4962 of the Revised Statutes defines the conditions on which the writ will issue, and is as follows: "A writ of review may be granted by any court except a probate or justice's oourt, when an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy." Section 4968 provides that "The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer."

The statute of Nevada defending the writ of *certiorari* and the powers and authority of the court thereunder is the same as the provisions of our statute. Sections 3458 and 3464 of the Revised Statutes of Nevada of 1885 correspond to sections 4962 and 4968 of our statute above quoted. In considering the right and power of the court to examine into the constitutionality of an act of the legislature upon a writ of *certiorari*, the supreme court of Nevada, in *State v. Osborn,* 24 Nev. 187, 51 Pac. 837, held that: "Under General Statutes of 1885, sections 3458, 3464, providing that a writ of *certiorari* will be granted where an inferior tribunal exercising judicial functions has exceeded its jurisdiction, and there is no appeal nor any adequate remedy, but restricting the review to a determination as to whether the inferior tribunal has regularly

pursued its authority, the court has no power to inquire into the constitutionality of the act of incorporation of a town, under a writ of *certiorari* to review the action of its city council in ordering bonds to be issued in accordance with the provisions of said act of incorporation.'' The reasons announced in that case for the conclusion reached under their statute seem to us sound and logical.

It will be observed that the statute prohibits the court upon such writs extending its inquiry further than to ascertain whether or not the inferior tribunal, board or officer has ''regularly pursued the authority of such tribunal, board or officer.'' If the tribunal, board or officer assuming to exercise the authority complained of can produce a statute of the state by the terms of which such authority is granted, it would seem that under the limitation prescribed by section 4968, the inquiry would at once cease. If, on the other hand, the court should extend the inquiry to the point of determining whether or not the legislature had the power to enact such a statute, the court would be placing itself in the position of not only reviewing judicial or quasi judicial action, but legislative action. In such case it would amount to an inquiry primarily as to the ''authority'' of the legislature to enact such a law, and not the authority of the tribunal, board or officer to act under a statute which has all the appearance and semblance of a valid law. The writ of *certiorari* has been frequently issued and considered by this court, but our attention has not been called to any case wherein this court has ever at the instance of a plaintiff inquired into the constitutionality of an act of the legislature on a writ of review. There are many cases to be found wherein the defendant, tribunal, board or officer has, in justification of its action which is sought to be reviewed, been permitted to raise the question as to the constitutionality of some act of the legislature, and in such cases the courts have considered the validity of the statute. In such cases, however, the constitutional question has been inquired into on account of its constituting an alleged defense to the action which is sought to be reviewed. In *Wright v. Kelley,* 4 Idaho, 624, 43 Pac. 565, this court held that ''the constitu-

tionality of an act of the legislature cannot be determined collaterally by the court in an application for a writ of mandate by a private party to enforce a private right.'' It should be observed that the court held to this doctrine with reference to the scope of inquiry it would make on application for a writ of mandate without being so limited by a specific statute. But upon writs of review the court is specifically limited by section 4968, *supra,* which section has no parallel in the statutes prescribing the powers and duties of the court in issuance of any of the other extraordinary writs authorized. It has been repeatedly held by this court, as well as most other courts, that the writ of review will issue on the application of a private citizen and taxpayer beneficially interested in the order or proceeding sought to be reviewed. (*Dunn v. Sharp,* 4 Idaho, 98, 35 Pac. 842.) Our examination of this matter convinces us that we would not be justified in inquiring into the constitutionality of said revenue act upon a writ of review sued out by a citizen and taxpayer in a matter involving his private rights. (*Quinchard v. Board etc.,* 113 Cal. 664, 45 Pac. 856; *Central Pac. R. R. Co. v. Placer Co.,* 43 Cal. 365.)

The second question presented, namely, that the board exceeded its jurisdiction in that it has assessed the railroad and telegraph property of the state at less than its full cash value, is a question of fact and not of law. The writ of review is not a remedy for correcting errors and mistakes of judgment, neither can it be invoked for the purpose of reviewing the facts upon which the inferior tribunal, board or officer acted, except for the purpose of ascertaining the one fact of jurisdiction. Its province is limited entirely to a review of the questions of law involved in the matter. The court should in such cases always confine its inquiries to the question as to whether or not the action complained of was beyond and in excess of the jurisdiction conferred on the tribunal, board or officer. (*Sweeny v. Mayhew,* 6 Idaho, 455, 56 Pac. 85; *Smith v. Portland,* 25 Or. 297, 35 Pac. 665.) The writ is denied.

Stockslager, C. J., and Ailshie, J., concur.