(No. 6727. January 16, 1940.)

BIRD N. HAWLEY, Plaintiff, v. C. A. BOTTOLFSEN, as Governor of Idaho, GEORGE H. CURTIS, as Secretary of State of the State of Idaho, IDAHO WILD LIFE FEDERATION, INC., a Corporation, and G. W. GREBE, Defendants.

[98 Pac. (2d) 634.]

Ralph R. Breshears, for Plaintiff.

Edwin Snow, for Defendants.

BUDGE, J.—The Idaho. Fish and Game Commission Act adopted by vote November 8, 1938, provided for the appointment by the Governor of five commissioners. (Initiative Act, Idaho Sess. Laws, 1939, pp. 1 to 16 inc.) December 10, 1938, Charles C. Gossett, acting Governor appointed the members of the commission pursuant to the act, Bird N. Hawley being appointed, and later qualifying, as commissioner from district number three for the term ending December 9, 1942.

On or about May 4, 1939, the Idaho Wild Life Federation, Inc., filed with C. A. Bottolfsen, as Governor of Idaho, charges in writing against Bird N. Hawley, charging him with inefficiency, neglect of duty, and misconduct in office as commissioner of the Idaho Fish and Game Commission and an answer was filed denying the charges. A public hearing was had upon the charges before Honorable C. A. Bottolfsen, Governor of Idaho, in his office on May 16 and 17 and June 8, 1939, resulting in findings and a decision by the Governor by which Bird N. Hawley was removed from office as commissioner of the Idaho Fish and Game Commission.

On June 8, 1939, G. W. Grebe was appointed by Governor Bottolfsen as Commissioner of the Idaho Fish and Game Commission from district number three.

June 26, 1939, the plaintiff Bird N. Hawley made application to this court for a writ of review, which writ issued July 7, 1939, seeking review and annulment of the Governor's order of removal upon the grounds that his action was irregular, arbitrary, capricious, and in excess of his jurisdiction, and that by removing plaintiff from office he exceeded the jurisdiction and power and authority of the Governor of the state of Idaho, and praying that this court review the record of said proceedings, declare and adjudge the acts of the Governor removing plaintiff from office and appointing G. W. Grebe as commissioner null and void and of no force or effect.

The proceedings herein were held under the authority conferred upon the Governor by section 5, article 4 of the Constitution, providing:

"The supreme executive power of the state is vested in the governor, who shall see that the laws are faithfully executed." and the provisions of subdivision (e) of section 1 of the initiative measure known as the Fish and Game Commission Act (Sess. Laws, 1939, p. 5) as follows:

"(e) *Removal of Commissioners.* The Governor may remove a commissioner for inefficiency, neglect of duty, misconduct in office, or upon his removal from the District from which he was appointed, delivering to him a copy of the charges and affording him an opportunity of being publicly heard in person or by counsel, in his own defense, upon not less than ten days' notice. Such hearing to be held publicly in the office of the Governor at Boise, Idaho.

"If such commissioner shall be removed, the Governor shall file in the office of the Secretary of State a complete statement of all charges made against such commissioner, and his findings thereon, together with a complete record of the proceedings."

It appears from the record and is conceded that written charges against plaintiff were filed with the Governor; that a copy of the charges was delivered to plaintiff; that plaintiff was afforded an opportunity of being publicly heard, both in person and by his counsel, in his own defense, upon not less than ten days' notice; that such hearing was held in the office of the Governor at Boise, Idaho, and that the Gov-

ernor filed in the office of the Secretary of State a complete statement of all charges made against plaintiff, and his findings thereon, together with a complete record of the proceedings.

The grounds set forth in the petition praying review and annulment were to the effect, (1) that the charges upon which the Governor acted are not legal cause for plaintiff's removal, and (2) that there was no evidence adduced to sustain the charges upon which the order of removal is based.

Pursuant to the writ issued by the court, return was made by the Secretary of State and the entire record transmitted to this court, and a motion to quash the writ was then filed. Defendants' position that the scope of the inquiry in this proceeding is limited to the question of whether the Governor regularly pursued the authority and discretion imposed upon him by law, reducing the controversy to two questions: First—Do the charges as filed constitute charges of inefficiency, neglect of duty, or misconduct in office?—and, second—Was any evidence adduced to support the charges sustained by the order of removal?—appears to be correct in view of the authorities hereinafter referred to.

The function of the writ of review is stated in section 13–208, I. C. A., as follows:

"The review upon this writ can not be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer."

The foregoing statute has been before this court on numerous occasions and the pronouncements have been consistently in harmony with the foregoing statute and to the effect that the sole business of this court is to inquire into the single question of jurisdiction. That is, as long as the action of the Governor in removing an officer is within the limits of the power conferred upon him, that is, if he acted within his jurisdiction, the courts will not interfere to arrest his action or to review the proceedings, except to determine the question of jurisdiction. The Governor, so far as the courts are concerned, is the exclusive judge of the sufficiency of the proof of the charges, and the court will not review the facts upon

which he acted except for the purpose of ascertaining if there is any evidence which supports his findings and order. In *State Insurance Fund v. Hunt,* 52 Ida. 639, 17 Pac. (2d) 354, the rule is stated:

"Upon application for a writ of review, the sole business of this court is to inquire into the single question of jurisdiction. (C. S. sec. 7249 (Now sec. 13–208 I. C. A.), *Beus v. Terrell,* 46 Ida. 635, 269 Pac. 593; *Mays v. District Court,* 40 Ida. 798, 237 Pac. 700.)"

In *Beus v. Terrell,* 46 Ida. 635, 269 Pac. 593, we held:

"As set out in C. S. sec. 7249 quoted *supra,* the review in such cases is limited to the sole question of whether or not the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer."

In *Lansdon v. State Board of Canvassers,* 18 Ida. 596, 111 Pac. 133, this court said:

"A writ of review brings up the record of the tribunal, board or body whose acts are to be examined, and is issued for the purpose of reviewing the law applicable to the case, instead of examining the facts of the case, except in so far as an examination of the facts is necessary in the determination of the single question of jurisdiction. The purpose of the review is to determine primarily the law applicable to the case rather than the facts of the case." (Emphasis inserted.)

In *McConnell v. State Board of Equalization,* 11 Ida. 652, 83 Pac. 494, the rule is quite clearly stated:

"Under a writ of review, errors and mistakes of judgment of a board as to the value of property that it is authorized to assess cannot be reviewed; neither can such writ be invoked for the purpose of reviewing the facts upon which the inferior tribunal, board or officer acted except for the purpose of ascertaining the fact of jurisdiction.

"The provisions of such writ is limited to a review of questions of law involved in the matter, and the court must confine its inquiry to the question as to whether or not the action complained of was beyond and in excess of the jurisdiction

conferred on the tribunal, board or officer.'' (Emphasis inserted.)

In *Sweeny v. Mayhew*, 6 Ida. 455, 56 Pac. 85, it is said:

''As to how far the evidence may be considered in a proceeding of this kind, the rule is correctly and succinctly stated in 4 Encyclopedia of Pleading and Practice commencing at page 262, as follows: 'An exception to the rule that the sufficiency of the evidence will not be reviewed is made when the question is whether jurisdictional facts were or were not proved. This exception arises out of the most important office and function of the writ—the keeping of inferior courts and tribunals within proper bounds. If the decision of the inferior tribunal as to the sufficiency of the evidence to establish jurisdictional facts were not reviewable, the writ of *certiorari* would be of no avail as a remedy against an assumption of jurisdiction. And, for the purpose of enabling the reviewing court to determine whether jurisdictional facts were established, it will require a return to be made of the evidence upon which such facts are based.' ''

In *Northwest Light etc. Co. v. Alexander*, 29 Ida. 557, 160 Pac. 1106, the court said:

''We think the rule to be well settled that where state elective officers are invested with certain discretion, involving the exercise of judgment in the performance of their official duties, no court has the right by writ of *certiorari* to interpose its judgment or influence their action. To do so would be usurpation.''

The rule appears to be briefly summed up in *People v. Coffey*, 237 Mich. 591, 213 N. W. 460, 52 A. L. R. 1, wherein it is stated:

''The governor holds an exalted office. To him and to him alone the soverign people have committed the power and right to determine the facts in the proceeding before us. His decision of disputed questions of fact is final. His finding of fact, if it has evidence to support it, is conclusive on this court. It would be unbecoming in us to impugn his motives and unseemly and unlawful to invade his discretion.'' (Emphasis inserted.)

See, also, *First Nat. Bank of Weiser v. Washington County,* 17 Ida. 306, 105 Pac. 1053; *Utah Association of Credit Men v. Budge,* 16 Ida. 751, 102 Pac. 390, 691; *State v. McGarry,* 21 Wis. 496; *Harrington v. Smith,* 114 Kan. 262, 217 Pac. 270; *State v. Sanchez,* 32 N. M. 265, 255 Pac. 1077, 1087; *Cameron v. Parker,* 2 Okl. 277, 38 Pac. 14.

We believe the sound doctrine which may be gathered from the foregoing and other authorities is that where the record of the evidence is part of the record furnished on writ of review, this court will examine the evidence to determine whether the Governor has regularly pursued his jurisdiction only to the extent of ascertaining whether evidence was adduced, which, in the mind of a reasonable person, if uncontradicted would support a legal cause of removal charged.

Plaintiff urges that the charges upon which the Governor acted are not legal cause for removal, are not sufficient in law, are too general and are imperfectly stated. The manner of pleading was not questioned in any way at any time until the proceedings reached this court on review.

Examination of the record discloses that the charges filed state grounds of removal specified in subdivision (e) of section 1, Fish and Game Commission Act (Sess. Laws 1939, p. 5) all relating to the duties of a commissioner of the Idaho Fish and Game Commission and to the conduct of the plaintiff in such office. Among the grounds specified in subdivision (e) section 1 of the Fish and Game Commission Act the general course of conduct termed "inefficiency" and "misconduct in office" on the part of plaintiff in matters connected with his official duties as commissioner were both generally charged and certain acts particularly set forth, and the record discloses that there is evidence therein which may reasonably be said to support such charges. It follows therefore that the proceedings below must be affirmed. It is so ordered.

Ailshie, C. J., Givens, J., and Porter and Stevens, District Judges, concur.