245 P.2d 820

**SPECIALTY SALES, Inc. v. GRAF, Judge.**

**No. 7874.**

Supreme Court of Idaho.
June 26, 1952.

114

T. P. Wormward, Kellogg, and Frank Langley, Boise, for plaintiff.

James G. Towles, Kellogg, for defendant.

PORTER, Justice.

Upon application and affidavit of counsel for plaintiff, a writ of review was granted herein. The writ required defendant and the clerk of the district court to certify and

transmit to the Supreme Court the record in an action pending in the District Court in Shoshone County entitled Specialty Sales, Inc., a corporation, plaintiff, v. Frank Prendergast and Lylia Prendergast, defendants. The writ states that the matter for review is the order of defendant district judge made on February 15, 1952, sustaining a demurrer to the amended complaint and vacating his order made on March 30, 1951, overruling such demurrer.

A return on said writ of review has been duly made. Defendant has filed answer to the affidavit of counsel for plaintiff; plaintiff has filed a reply to the answer; and the cause has been orally presented to the court and is now for determination.

The transcript of the record in the district court shows that the following proceedings were had: Plaintiff filed an amended complaint seeking to recover the purchase price of goods, wares and merchandise. It is alleged therein "That during all the times mentioned herein plaintiff was and now is a corporation organized under the laws of the State of Minnesota." Defendant, Frank Prendergast filed a demurrer wherein, among other things, it is alleged: "That the plaintiff has not the legal capacity to prosecute this action, for the reason there is no allegation showing compliance, on behalf of the plaintiff corporation, with the laws of the State of Idaho." On March 30, 1951, the here-in defendant district judge made and entered an order overruling such demurrer together with other motions and demurrers before him. Thereafter, the defendants filed their answer to the amended complaint and the plaintiff filed a motion to strike such answer. On February 15, 1952, while such motion to strike was under consideration, the court made the following order:

"Order Vacating And Setting Aside Previous Order

"This matter having come on regularly for hearing on the 15th day of February, 1952, and it appearing to this court that defendants herein filed a demurrer to plaintiff's amended complaint on the ground that plaintiff did not have the legal capacity to prosecute this action, for the reason that there was no allegation contained in the amended complaint, showing compliance on behalf of the plaintiff corporation, with the laws of the State of Idaho; it further appearing that this court entered an order overruling the above mentioned demurrer together with certain motions to strike on the 30th day of March, 1951; and it further appearing to this court, after hearing arguments and having briefs submitted to it, that this court erred in overruling the demurrer above mentioned,

"Now, Therefore, It Is Ordered, Adjudged And Decreed that said order

of March 30, 1951, be, and the same is hereby, vacated and set aside. It is further ordered, adjudged and decreed that defendants' demurrer, above mentioned, be, and the same hereby is sustained.

"Dated this 15th day of February, 1952.

"Albert J. Graf
"District Judge"

It appears and is admitted in these proceedings that the district judge made such order on his own motion and without further notice and hearing.

It is the contention of plaintiff herein that the defendant district judge, having on March 30, 1951, overruled the demurrer in question, was without jurisdiction to vacate and set aside his original order and to sustain such demurrer by his order of February 15, 1952; and particularly on his own motion without notice to the plaintiff and without a hearing.

Section R 7–208 I.C., provides:

"The review upon this writ can not be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer."

In accordance with such section, under a writ of review we are only concerned with whether or not the defendant herein exceeded his jurisdiction in making the questioned order. We are not concerned with and are not called upon to determine whether the district judge erred in overruling the demurrer in the first instance or in sustaining the demurrer thereafter. The sole question is whether the district judge had jurisdiction to make the order of February 15, 1952. State Insurance Fund v. Hunt, 52 Idaho 639, 17 P.2d 354; Beus v. Terrell, 46 Idaho 635, 269 P. 593; Vaught v. District Court, 46 Idaho 642, 269 P. 595; Weiser Nat. Bank v. Washington County, 30 Idaho 332, 164 P. 1014; Coeur D'Alene Min. Co. v. Woods, 15 Idaho 26, 96 P. 210.

Section R 7–205 I.C., provides that the return to the writ of review shall consist of "a transcript of the record and proceedings, describing or referring to them with convenient certainty, * * *". Matters contained in the answer of defendant and in the reply to such answer by plaintiff and not contained in the record of the district court will not be considered. Vollmer v. Vollmer, 46 Idaho 97, 266 P. 677; Johnson v. Ensign, 38 Idaho 615, 224 P. 73.

In discussing the authority of a court to change its ruling on a demurrer, in 71 C.J.S., Pleading, § 268, p. 556, it is said:

"As a general rule a ruling on a demurrer is not such a final adjudication as to prevent the court from reconsidering it at any time before final judgment.

"While it has been held in some jurisdictions that the ruling on de-

murrer is conclusive unless excepted to and reversed, it is generally held that it is not such a final adjudication that the court may not at any time before final judgment reconsider its ruling and enter one to the contrary, * * * ".

 The principle that the trial court has jurisdiction to sustain a demurrer, after having overruled it, to correct the prior ruling if convinced it was erroneous, is sustained by the following cases: Howe v. Board of Sup'rs of San Diego County, 118 Cal.App. 306, 5 P.2d 28; De La Beckwith v. Superior Court, 146 Cal. 496, 80 P. 717; Kelly v. Liddicoat, 35 Cal.App.2d 559, 96 P.2d 186; Hidalgo v. McCauley, 50 Ariz. 178, 70 P.2d 443; Bank of America Nat. T. & Sav. Ass'n v. Superior Court, 20 Cal. 697, 128 P.2d 357.

Plaintiff's contention that the trial court was without jurisdiction to enter an order sustaining the demurrer and vacating the previous order overruling the demurrer on his own motion and without further notice and hearing, is answered in Vertex Inv. Co. v. Schwabacher, 57 Cal.App. 2d 406, 134 P.2d 891, at page 894, as follows:

"A ruling on demurrer, unlike many other types of judicial determinations, may be changed for no other reason than that the judge is of the view that his first ruling was erroneous. (Citing cases.) Proceedings had in court, pursuant to notice given or waived, when the demurrer was first argued are the basis for the changed ruling as for the original decision, and an additional motion and notice are not required."

We are of the opinion that the defendant district judge acted within his jurisdiction in making and entering the order of February 15, 1952, wherein he sustained the demurrer in question and vacated the order of March 30, 1951, overruling the demurrer. The proceedings below are affirmed and the writ dismissed. Costs awarded to defendant herein.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.