SCHOTTKY, J.
 

 Petitioners, the trustees of the Auburn Union Elementary School District, seek review of an order of the superior court holding them in contempt for their alleged failure to comply with a judgment of the court.
 

 Vivian Minor, the real party in interest, was employed as a secretary by the school district. In September 1961 she was purportedly removed from her job when the position which she held was abolished. She then brought an action against the petitioners to compel her reinstatement. On January 30, 1962, a judgment by stipulation was entered in the action which provided:
 

 “1. That the defendants Auburn Union (Elementary) School District of Placer County and Velma Lapp, Don Russell, Al Simonet and Daniel J. Higgins, individually and as members of the Governing Board of Auburn Union (Elementary) School District of Placer County are hereby ordered to rescind their resolution of August 28, 1961, eliminating the position classified as ‘Superintendent’s Secretary’ from the employ of defendant District and from the Handbook for Classified Employees of said District.
 

 
 *58
 

 “2.
 
 That plaintiff Vivian Minor is ordered reinstated in the position of Superintendent’s Secretary of said District, with all salary, retirement, leave and other rights appurtenant to that position, effective for all purposes as of September 1, 1961.
 

 “3.
 
 That plaintiffs shall have judgment against said defendants in the amount of $2,500 and that the plaintiffs waive all claims for other damages against the said defendants, and each of them, set forth in their petition.
 

 “4. That this judgment shall become effective upon its being signed and filed, the said defendants having waived notice of the entry and service of this writ of mandate, that the petition is dismissed as to defendants Dobs One Through Ten, and that each party shall bear its own costs and attorneys’ fees herein.”
 

 At the same time the trustees requested and received another stipulation to the effect that Vivian Minor would remain away from her position until an investigation concerning her conduct was completed. Formal charges were filed against her on March 14, 1962. These were amended in April. The amended accusation detailed specific charges which had been brought against her, including charges that she violated rules and regulations prohibiting the punishment of children by others than teachers. She was also accused with wantonly offensive conduct and language toward other employees, pupils and the public, the use of foul and abusive language, and incompetency in the performance of her duties. In addition, she was charged in the amended accusation with specific charges of immorality. These charges, if proved, could require her dismissal from the public service.
 

 After the original charges were served on Vivian Minor, she sought an order from the superior court requiring the trustees to show cause why they should not be held in contempt for not complying with the judgment requiring that she be reinstated. An order to show causé was issued, a hearing held, and thereafter the court issued an order holding the trustees in contempt. This order read:
 

 “To determine whether or not the defendants herein are in contempt, the position of plaintiff prior to the beginning of her difficulties with the district must be examined.
 

 “She held her position as an employee of the district, her status being determined by Section 13583 of the Education Code, and the conditions set forth in the Handbook prepared by the district.
 

 
 *59
 
 “She was a classified employee and could only be removed for cause. The Handbook apparently provided what would constitute ‘cause’ but did not set forth the procedure for establishing cause and executing the termination.
 

 “According to the Attorney General’s opinion—based upon the case of
 
 Keenan
 
 v.
 
 S. F. Unified School District,
 
 34 Cal.2d 708 [214 P.2d 382], the proper procedure requires a notice and hearing before discharge. There is no authority for a suspension of his services or his compensation until the hearing, and there is no authority whereby he may be paid a salary during any such suspension, and not be rendering services therefor. As is suggested by plaintiff, such payments might well be illegal.
 

 “As the plaintiff is under the law as it appears to be, entitled to a hearing before she may be removed for cause, and as she may not be excluded from actually holding her position until the cause for discharge is established, and as she may not be paid unless she is rendering services, it would seem that the members of the board are in contempt in not placing her back in her job.
 

 “This appears to be an instance of holding employers in contempt because they cannot trust or have no faith or confidence in an employee. However, it appears to be the law, and is the law because of arbitrary action of politically-minded school boards in the past. The court recognizes the difficulty encountered in eliminating undesirable employees, but the procedure indicated would bring about an early determination of the cause for discharge, and minimize the loss to the school district financially in paying for unrendered services.
 

 “The court finds the defendants named in the Order to Show Cause guilty of contempt, and they are hereby ordered committed to the jail of the County of Placer until they comply with the order of court heretofore made directing that Vivian Minor be reinstated in the position of Superintendent’s Secretary of the Auburn Union School District of Placer County.
 

 “Execution of this order is stayed until five days after service hereof upon said defendants, within which period of time the contempt may be purged by the restoration of said Vivian Minor to the duties of her aforesaid position.’’
 

 We agree with the trial court that Vivian Minor could not be dismissed from her position except for cause after a hearing. (See Ed. Code, § 13583.) However, she could
 
 *60
 
 be suspended from her position pending investigation and determination of the charges against her. Although the Education Code does not have a specific section relating to employees in Vivian Minor’s category, such right is inherent in the governing body.
 
 (Kaplan
 
 v.
 
 School District of Philadelphia, 178
 
 Pa. Super. 88 [113 A.2d 164]; see also Kaplan, The Law of Civil Service, pp. 247-248.) This rule was recognized in
 
 Gentner
 
 v.
 
 Board of Education,
 
 219 Cal. 135 [25 P.2d 824], which involved the refusal of the board of education to accept any services from a teacher who had tenure pending determination of charges. After a hearing the teacher was dismissed. The teacher contended that he was entitled to salary from the opening of the fall term to the date of his dismissal, a period during which the board refused to permit him to teach. On this point the court said at pages 139-140:
 

 “But in our view it is not an incident of such tenure that a teacher must be given active employment pending the conclusion of dismissal proceedings against him, or paid his full salary when it is determined upon hearing held that cause for removal existed. This may be illustrated forcibly by consideration of one of the several statutory grounds for dismissal— immoral conduct. It should be said that absolutely no charges of this nature were filed against petitioner herein. Where a board has good cause to believe that a teacher has been guilty of gross immorality or acts of perversion, it becomes the duty of the board immediately to remove him from contact with his classes and promptly to take steps to dismiss him. The welfare of the children is the paramount consideration. It follows from the fact that the authorities are not required to give active employment to a teacher pending his removal hearing, that when his removal is subsequently ordered he is not entitled to receive salary for the period during which he has not taught. The law does not contemplate that public funds shall be expended where no services are performed, and where not only is there no duty to accept services tendered, but the welfare of the children may require that they be dispensed with until a hearing can be held. The interests of the teacher receive a full measure of protection in the right to a hearing as provided by law, and the right to receive a salary for the entire period of unemployment in the event it should be determined that cause for removal did not exist.
 
 (Saxton
 
 v.
 
 Board of Education of Los Angeles City School District,
 
 206 Cal. 758 [276 P. 998].)
 

 “We conclude that the tenure right of a permanent teacher
 
 *61
 
 is not to teach, or, at least, to receive salary, up to the very day when his dismissal shall be ordered upon hearing held. Rather, it is his right that the board shall either assign him to a class, or, upon failure to assign him, promptly institute and carry through removal proceedings. If the board fails either to give him an assignment or to initiate dismissal proceedings promptly, or having commenced a proceeding fails to conclude it with reasonable dispatch, the teacher has his remedy by writ of mandate to compel the board to discharge its duty in the premises.”
 

 The rule enunciated is applicable here. The board could institute dismissal proceedings against Vivian Minor and suspend her pending determination of such charges. This is all the board purported to do. She was reinstated pursuant to the order of the court and at the same time suspended. By such action the board did not violate the judgment. All the judgment could require was that Vivian Minor be reinstated. It could not preclude the board from initiating proceedings to dismiss her. It could not insist she actually perform her duties pending the determination of charges against her. The order of contempt must therefore be annulled.
 

 As stated in
 
 Brunton
 
 v.
 
 Superior Court,
 
 20 Cal.2d 202, 204 [124 P.2d 831]: “The jurisdiction of a lower court to issue a final judgment of contempt may be reviewed on petition for a writ of certiorari. (See cases cited in 5 Cal.Jur. 955.) It is settled that the question whether the acts complained of can constitute a contempt is a jurisdictional one for the purposes of such review.
 
 (Mattos
 
 v.
 
 Superior Court,
 
 30 Cal.App.2d 641 [86 P.2d 1056];
 
 Jones
 
 v.
 
 Superior Court,
 
 88 Cal.App. 253 [262 P. 1098], See
 
 Times Mirror Co.
 
 v.
 
 Superior Court,
 
 15 Cal.2d 99 [98 P.2d
 
 1029];
 
 and cases cited in 5 Cal.Jur. 918.) In the present ease there is no dispute as to the facts. The question is whether the trial court could justifiably hold the petitioners guilty of contempt on the basis of their acts as alleged in the affidavit of contempt and as shown by the evidence. If these acts were not sufficient to constitute a contempt, the judgment cannot stand.”
 

 The order is annulled and the petitioners are discharged.
 

 Peek, P. J., and Pierce, J., concurred.
 

 A petition for a rehearing was denied July 17, 1962, and the petition of the real party in interest for a hearing by the Supreme Court was denied August 22, 1962.