428 P.2d 519

**Thomas L. BERRY, Plaintiff,**

v.

**The DISTRICT COURT OF the THIRD JUDICIAL DISTRICT of the State of Idaho, IN AND FOR the COUNTY OF ADA, Defendant.**

No. 9947.

Supreme Court of Idaho.

June 6, 1967.

Elam, Burke, Jeppesen & Evans, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Samuel Kaufman, Special Asst. Atty. Gen., Boise, for respondent.

McFADDEN, Justice.

This original proceeding was initiated by plaintiff, Thomas L. Berry, filing in this court his petition for a writ of review of an order of the District Court of the Third Judicial District, Ada County, entered in the case of Thomas L. Berry, et al. v. Commissioner of Law Enforcement, et al., whereby the plaintiff was adjudged guilty of contempt of court and fined $500.00 of which the sum $400.00 was suspended. The writ issued and the record from the district court, after having been supplemented, is before this court.

The contempt proceedings, the subject of this review, were initiated by an affidavit charging the plaintiff herein with having violated the provisions of a judgment of the district court entered April 12, 1962. An order to show cause issued and the cause was tried by the court on the issues presented by the affidavit.

The judgment, which the plaintiff is charged with having violated, provides in part:

"That plaintiffs, their agents and employees, are permanently enjoined and restained from performing any acts or services in connection with dental prosthetic appliances which require or necessitates the presence, aid, assistance or cooperation of the wearer or user of such appliances and in particular, plaintiffs, their agents and employees are permanently restrained and enjoined

from examining the mouth of the wearer of prosthetic appliances or examining such appliances in the wearer's mouth for the purpose of diagnosis, treatment, repair, replacement or correction; from taking impressions of the mouth or within the mouth for the purpose of relining dentures or making new dentures or molds for new dentures, whether such impressions be taken or made by plaintiffs, their agents or employees themselves, or by the wearer of the teeth under the supervision or direction of the plaintiffs, their agents or employees; from fitting, adjusting or correcting a prosthetic appliance in the wearer's mouth or diagnosing the the necessity for such corrections with the assistance of carbon paper, indicator paste or visual observation of the appliance in the mouth of the wearer."

This particular decree was the subject of an appeal to this court in Case No. 9196, entitled Berry v. Koehler, 86 Idaho 225, 384 P.2d 484, in which case the trial court's findings of fact, conclusions of law and judgment (including the above quoted portion thereof) were affirmed by this court. See: Berry v. Koehler, supra, for a discussion of the various statutory enactments and decisions of this court involving this plaintiff and the provisions of I.C. § 54–901.

On the hearing in the district court on the order to show cause, the attorney general's office presented the testimony of Roy L. Yancey in support of the averments in the affidavit submitted in the contempt proceedings. Berry submitted no evidence at the hearing. Following the hearing the trial court rendered a memorandum decision and subsequently entered its order holding the plaintiff herein in contempt of court. Encompassed in this order were findings by the trial court which read as follows:

"That on or about March 31, 1966, one Ray Yancey went to Berry's [plaintiff herein] place of business known as the Quality Dental Lab at 1401 Jefferson, Boise, Idaho, for the purpose of having his dentures, both upper and lower, either relined or new dentures made. That while the ultimate decision to make new dentures rather than reline the dentures was made by said Yancey, the old dentures were examined by Berry, who voiced an opinion they were not worth relining. That on or about Friday, April 1, 1966, Yancey returned to Berry's place of business, at which time Berry, with the presence, aid, assistance and cooperation of Yancey, which was required, supervised and instructed Yancey in the taking of impressions for the purpose of making new dentures, using the old dentures as a tray in taking such impressions. That on at least one occasion, Berry replaced the lower denture in Yancey's mouth and on another occasion while holding the back of Yancey's head with one hand, put his (Berry's) fingers in Yancey's mouth and wiggled both plates. The impressions were taken under the supervision and direction of Berry.

"That on or about Saturday, April 2, 1966, Yancey returned to Berry's place of business and tried the new teeth which were then ready and which had been made by Berry using the impressions taken Friday. The lower denture did not fit properly and Berry supervised the taking of a new impression of Yancey's lower gums, much in the same manner as the previous impressions were taken, instructing Yancey how to bite, how to hold his jaws and how long to hold the bite. On Monday, April 4, 1966, Yancey returned to Berry's place of business, at which time Berry several times checked the new dentures in Yancey's mouth, used visual observation, carbon paper and indicator paste and made corrections. Berry charged Yancey the sum of $151.50 for the new dentures, of which charge Yancey made two $25.00 payments."

■ The foregoing recitation of facts closely follows the testimony given by

Yancey. The record of Yancey's testimony sustains these findings in all material aspects. The record fully justifies the trial court's conclusions inherent in the recitation of facts that "[T]he impressions were taken under the supervision and direction of Berry."

A writ of review cannot be extended further than to determine if the inferior tribunal has regularly pursued its authority. I.C. § 7–208. Hawley v. Bottolfsen, 61 Idaho 101, 98 P.2d 634. The sole question for determination on a writ of review is whether the inferior tribunal, in this case the trial court, exceeded its jurisdiction. McConnell v. State Board of Equalization, 11 Idaho 652, 83 P. 494; Gilbert v. Elder, 65 Idaho 383, 144 P.2d 194; Speciality Sales v. Graf, 73 Idaho 113, 245 P.2d 820. Such writ does not lie to review facts except insofar as such facts are essential to determine the jurisdictional question. First National Bank of Weiser v. Washington County, 17 Idaho 306, 105 P. 1053; Lansdon v. State Board of Canvassers, 18 Idaho 596, 111 P. 133; Hay v. Hay, 40 Idaho 159, 232 P. 895; Hawley v. Bottolfsen, 61 Idaho 101, 98 P.2d 634.

The record discloses all jurisdictional facts necessary for the trial court to enter its order in the premises. The trial court had jurisdiction of the plaintiff by reason of his appearance before the court pursuant to the order to show cause; and of the subject matter which involved the issue whether Berry had violated the provision of the judgment previously entered in a case wherein he was a party; and the facts sustain the trial court's findings set out in the order it entered reflecting a violation of its judgment previously entered. The order of the trial court is affirmed. Costs to defendant.

McQUADE and SPEAR, JJ., concur.

SMITH, Justice (dissenting) in which dissent TAYLOR, C. J., concurs:

Plaintiff's cause in various forms has been before this court on three previous occasions.

In Berry v. Summers, 76 Idaho 446, 283 P.2d 1093 (1955), plaintiff sought a declaratory judgment as to the constitutionality of Idaho Sess.Laws, 1949, Ch. 105, § 1, as amended by Idaho Sess.Laws, 1953, Ch. 105, § 1, purporting to define and restrict the practice of dentistry. On that appeal we held that the statute as amended, was an unreasonable regulation and not reasonably necessary for the protection of the public, insofar as it imposed as prerequisites for the performance of a dental technician's services, the educational requirements and licensing as a dentist.

The legislature then further amended the statute by enactment of Idaho Sess.Laws, 1957, Ch. 81, § 1, now codified as I.C. § 54–901, which reads:

"Definition—Practice of dentistry.— The practice of dentistry is the doing by one person, for a direct or indirect consideration, of one or more of the following with respect to the teeth, gums, alveolar process, jaws, or adjacent tissues of another person, namely:

"Examining for diagnosis, treatment, extraction, repair, replacement, substitution, or correction;

"Diagnosing of disease, pain, injury, deficiency, deformity, or physical condition;

"Treating, operating, prescribing, extracting, repairing, taking impressions, fitting, replacing, substituting, or correcting;

"Cleaning, polishing, or removing stains or concretions, or applying topical medication;

"Administering anaesthetics or medicaments in connection with any of the foregoing.

"The doing of any of the foregoing acts with respect to dental prosthetic appliances which requires or necessitates the presence, aid, assistance or cooperation of the person intended to be the user or wearer of such dental prosthetic appliance is hereby specifically defined as practicing dentistry and is not mere

mechanical work upon inert matter in a dental laboratory as the term is used hereafter in this act."

Plaintiff challenged the constitutionality of I.C. § 54–901 in Appeal No. 8813, Berry v. Koehler, 84 Idaho 170, 369 P.2d 1010 (1962). On that appeal and on the later rehearing, we held that although the legislature had the authority and power to so define the practice of dentistry, nevertheless plaintiff could not, without due process of law, be deprived of his constitutional right to follow his recognized and gainful occupation as a dental technician. On remittitur the district court entered findings of fact, conclusions of law, and judgment in conformity with our opinion. Paragraph 2 of the judgment which, in the case at bar plaintiff has been adjudged to have violated, evidence by the resultant order of contempt, reads:

"That plaintiffs, their agents and employees, are permanently enjoined and restrained from performing any acts or services in connection with dental prosthetic appliances which require or necessitate the presence, aid, assistance or cooperation of the wearer or user of such appliances and in particular, plaintiffs, their agents and employees are permanently restrained and enjoined from examining the mouth of the wearer of prosthetic appliances or examining such appliances in the wearer's mouth for the purpose of diagnosis, treatment, repair, replacement or correction; from taking impressions of the mouth or within the mouth for the purpose of relining dentures or making new dentures or molds for new dentures, whether such impressions be taken or made by plaintiffs, their agents or employees themselves, or by the wearer of the teeth under the supervision or direction of the plaintiffs, their agents, or correcting a prosthetic appliance in the wearer's mouth or diagnosing the necessity for such corrections with the assistance of carbon paper, indicator paste or visual observation of the appliance in the mouth of the wearer."

Plaintiff appealed from the trial court's findings, conclusions, and judgment, contending that the court on remittitur had failed to conform to this court's mandate. The cause, Appeal No. 9196, Berry v. Koehler, 86 Idaho 225, 384 P.2d 484 (1963), resulted in our affirmance of the amended findings of fact, conclusions of law, and the judgment entered upon remittitur. The terms of the affirmance are in detail hereinafter elaborated.

In subsequent proceedings in the case at bar, the district court, on an order to show cause why plaintiff should not be held in contempt, held a hearing at which evidence was introduced. The court subsequently entered its order adjudging plaintiff in contempt of court for violating the terms of Paragraph 2 of the judgment upon remittitur. The writ of review granted by this court was designed to test the validity of the order adjudging plaintiff to be in contempt of court.

I.C. § 7–208 provides:

"The review upon this writ [of review] cannot be extended further than to determine whether the inferior tribunal * * * has regularly pursued the authority of such tribunal * * *."

Under such rule, this court will not, in a proceeding on writ of review, inquire whether the judgment holding plaintiff guilty of contempt is supported by a preponderance of the evidence, it being the function of the trial court and not the reviewing court to weigh the evidence. However, the evidence, when questioned, will be reviewed "to the extent of inquiring whether there was any evidence to furnish a substantial basis for adjudging the person guilty of contempt." Vollmer v. Vollmer, 46 Idaho 97, 266 P. 677 (1928); Hay v. Hay, 40 Idaho 159, 232 P. 895 (1924). "If these acts were not sufficient to constitute a contempt, the judgment cannot stand." Brunton v. Superior Court of Los Angeles, 20 Cal.2d 202, 124 P.2d 831 (1942).

The evidence relied upon by the district court in holding plaintiff guilty of contempt derived exclusively from the testimony of Roy L. Yancey. Yancey testified that he

visited plaintiff's dental laboratory for the purpose of having his dentures repaired, or replaced with a duplicate set. Yancey decided for himself that the dentures were beyond repair and that a duplicate set should be fabricated. Impressions of Yancey's mouth were taken: plaintiff poured material on the surface of Yancey's old denture plate, inserted the plate in Yancey's mouth, and told Yancey how to hold his jaws and bite. When the impressions had set, Yancey removed the denture plate from his mouth and returned it to plaintiff. The duplicate dentures were cast from these impressions. To assure comfortable occlusion, plaintiff identified and removed high spots and pressure points along the dentures with the aid of carbon paper and indicator paste.

On cross-examination Yancey testified that he himself decided whether repair or replacement of the old dentures was preferable and whether the new dentures fit satisfactorily in his mouth. Plaintiff confined his acts and services to Yancey's dentures, making no attempt to examine Yancey's oral tissue. Plaintiff made no diagnosis nor did he render any treatment, nor did he make any examination for purposes of diagnosis or treatment of Yancey.

On the basis of that testimony, the district court concluded: " * * * that the [plaintiff] was practicing dentistry when he made an impression by using Mr. Yancey's mouth. Therefore, the court finds that the plaintiff is in contempt of court."

We reviewed and affirmed Paragraph 2 of the district court's judgment, which plaintiff is held to have violated, on Appeal No. 9196, Berry v. Koehler, supra. In affirming the judgment we ruled that the district court's injunction could only prohibit the performance of services by plaintiff, "in the area of examination for diagnosis, diagnosing and treatment." The distinction thus drawn by our definitive interpretation of the district court's judgment, and by the statutory definition of dental practice contained in I.C. § 54–901, as amended, was between mechanical work on the one hand, and examination for diagnosis and treatment, or the performance of services upon the prosthetic appliance for purposes of diagnosis or treatment, on the other hand.

> "The definition of the practice of dentistry places a fence around the technician; it precludes him from examining, or performing services upon the prosthetic appliance for purposes of diagnosis (which includes the fitting of the appliance), or treatment in any respect. He can do the mechanical work upon the appliance, but the results of his work, such as for example, whether the appliance fits, must not require his examination for diagnosis, his diagnosing, or his treatment." 86 Idaho at 232, 384 P.2d at 489.

Plaintiff's constitutional right to follow a recognized and useful occupation as a dental technician was upheld by this court in its previous opinions. In Berry v. Summers, supra, an amendment added by Idaho Sess. Laws, 1953, Ch. 105, § 1, restricting the services performed by dental technicians, was held unconstitutional insofar as,—

> " * * * such amendment affects, or is intended to affect such independent occupation of dental mechanic or technician in the performance of mechanical work upon inert matter in a dental laboratory * * *." 76 Idaho at 452, 283 P.2d at 1096.

On Appeal No. 8813, Berry v. Koehler, supra, we ruled that the present statute, I.C. § 54–901, as amended, does not prohibit dental technicians from following their customary practices.

> "They may reline denture plates, repair broken denture plates, replace artificial teeth in denture plates, duplicate denture plates, and make transfers of false and artificial teeth, or any other of the mechanical services that they may desire to do * * *." 84 Idaho at 180, 369 P.2d at 1015.

The performance of any such service is specifically circumscribed, however, as follows:

> "The decision as to whether the appliance is satisfactory to the wearer, for whatever reason the wearer desires the service, must strictly be that of the wearer himself." 86 Idaho at 232, 384 P.2d at 489.

And in the case at bar the evidence shows that Yancey, the wearer of the appliance, and not the plaintiff, decided whether the appliance was satisfactory for the purposes for which he, Yancey, desired the service.

The opinion rendered upon rehearing of Appeal No. 8813, Berry v. Koehler, supra, again noted the distinction between a dental technician's allowable mechanical services to the denture and proscribed medical or dental treatment of the wearer:

> "The present enactment [I.C. § 54–901, as amended] cannot be said to enlarge the field of practice of the dental technician or mechanic, and at no time have they been permitted to work upon, examine, diagnose, or prescribe, on living tissue of the patient." 84 Idaho at 184, 369 P.2d at 1018.

The district court's judgment was affirmed in Appeal No. 9196, Berry v. Koehler, supra, on the basis that that judgment adhered to the statutory distinctions set forth in I.C. § 54–901, as well as our mandate to the district court in Appeal No. 8813, i. e., that the judgment properly restrained plaintiff from performing acts or services *for purposes of diagnosis or treatment,* in connection with dental prosthetic appliances, requiring the presence, aid, or assistance of the wearer. Specific instances of the technician's acts or services—examination of the dentures within the wearer's mouth, the taking of impressions, the use of carbon paper or indicator paste—were prohibited *when performed in the area of diagnosis and treatment.* However, these same acts or services, when performed in connection with the repair, replacement, or other mechanical process, not involving "examination for diagnosis,

diagnosing and treatment" were entirely permissible under our definitive view of the trial court's findings and judgment.

It follows that the judgment holding plaintiff in contempt of court should be reversed, since there was no evidence or finding that the taking of an impression within Yancey's mouth was for the purpose of examination for diagnosis, diagnosing or treatment. To the contrary, Yancey's uncontradicted testimony established that plaintiff's services were purely mechanical in nature, incidental to the replacement of Yancey's worn out denture plates with a new duplicated set.

The issue whether plaintiff's acts, as shown by the evidence and found by the trial court, constitute a contempt is jurisdictional. Where the evidence is insufficient to show an actual contempt of court, the order adjudging plaintiff to be in contempt should be reversed. Chula v. Superior Court, 57 Cal.2d 199, 18 Cal.Rptr. 507, 368 P.2d 107 (1962); Brunton v. Superior Court of Los Angeles, supra; Lapp v. Superior Court, 205 Cal.App.2d 56, 22 Cal.Rptr. 839 (1962).